**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **TESSERA ADVANCED TECHNOLOGIES, INC.,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC.,**<br><br>**Defendants.** | Civil Action No. 2:17-cv-671-JRG<br><br>**FILED UNDER SEAL**<br><br>**CONTAINS INFORMATION DESIGNATED "RESTRICTED - ATTORNEYS' EYES ONLY"**<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS' MOTION TO TRANSFER UNDER 28 U.S.C. § 1404(a)**

# TABLE OF CONTENTS

| | | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | FACTUAL BACKGROUND | 2 |
| | A. Tessera's Recent Actions Against Samsung And Allegations In This Action | 2 |
| | B. The Samsung Defendants | 3 |
| | [REDACTED] | |
| | [REDACTED] | |
| | [REDACTED] | |
| | F. Other Potentially Relevant Third Parties | 7 |
| III. | LEGAL STANDARDS | 8 |
| [REDACTED] | [REDACTED] | |
| | A. This Action Could Have Been Brought In Delaware | 9 |
| | [REDACTED] | |
| | C. The Public Factors Collectively Favor Transfer | 12 |
| | D. The Private Factors, If Considered, Favor Transfer Because Of Evidence Needed From PNA To Resolve [REDACTED] | 12 |
| V. | CONCLUSION | 15 |

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Alacritech Inc. v. CenturyLink, Inc.*, No. 2:16-CV-00693-JRG-RSP, 2017 WL 4155236 (E.D. Tex. Sept. 19, 2017) .................... 15

*Atl. Marine Constr. Co. v. U.S. Dist. Court for the W. Dist. of Tex.*, 134 S. Ct. 568 (2013) .................... 8, 10, 12, 13

*Auto. Body Parts Ass'n v. Ford Glob. Techs., LLC*, No. 4:13-cv-705-ALM (E.D. Tex. Jan. 7, 2015) .................... 15

*Bank of N.Y. Tr. Co., N.A. v. Franklin Advisers, Inc.*, 726 F.3d 269 (2d Cir. 2013) .................... 13

*Brunette Mach. Works, Ltd. v. Kockum Indus., Inc.*, 406 U.S. 706 (1972) .................... 9

*In re Volkswagen AG*, 371 F.3d 201 (5th Cir. 2004) .................... 9

*In re Volkswagen*, 545 F.3d 304 (5th Cir. 2008) .................... 8, 13, 14

*Mears Techs., Inc. v. Finisar Corp.*, No. 2:13-cv-376-JRG, 2014 WL 1652603 (E.D. Tex. Apr. 24, 2014) .................... 14

*Oyster Optics, LLC v. Coriant Am. Inc.*, No. 2:16-cv-1302, 2017 WL 4225202 (E.D. Tex. Sept. 22, 2017) .................... 14, 15

*Rovi Guides, Inc. v. Comcast Corp.*, Nos. 2:16-CV-00321-RSP, 2016 WL 6217201 (E.D. Tex. Oct. 25, 2016) .................... 10

*Shawn Massey Farm Equip., Inc. v. CLAAS of Am., Inc.*, No. 4:12–CV–300, 2012 WL 7004153 (E.D. Tex. Dec. 19, 2012) .................... 9

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514 (2017) .................... 9

*Uniloc USA, Inc. v. Cisco Sys., Inc.*, No. 6:15-CV-1175-JRG, 2017 WL 959856 (E.D. Tex. Mar. 13, 2017) .................... 8, 10, 11

**RULES**

FRCP 45(c)(1)(A) .................... 14

## I. INTRODUCTION

Two considerations specific to this action compel transfer to the District of Delaware. First, Plaintiff Tessera Advanced Technologies, Inc.'s ("Tessera") allegations directly implicate a prior agreement with Samsung that includes a forum selection clause designating Delaware as the exclusive venue for resolving any disputes about the interpretation of that agreement. Tessera alleges that Samsung willfully infringes the asserted patents based on pre-suit licensing communications between the parties. [REDACTED]. Following Supreme Court precedent, this District has repeatedly held that where a party's claims or defenses implicate an agreement with a forum selection clause, that clause must be given controlling weight in deciding a motion to transfer under § 1404(a). Indeed, where a forum selection clause is triggered, this District disregards the private factors in the transfer analysis.

Second, even if the Court does not find the forum selection clause controlling and considers the private factors, those factors compel transfer to Delaware. The asserted patents were originally assigned to Matsushita. [REDACTED] To prove its licensing defense, Samsung will rely on evidence and testimony from non-party PNA, a Delaware corporation headquartered in

Newark, New Jersey. While Newark is within the 100-mile subpoena power of Delaware, it is over 1,200 miles from this Court. Accordingly, the private factors — which include the location of relevant evidence and witnesses and whether any non-parties are within either forum's subpoena power — strongly favor transfer in view of PNA's location. Thus, considering either the [REDACTED] [REDACTED] or the private factors, this action should be transferred to Delaware.

## II. FACTUAL BACKGROUND

### A. Tessera's Recent Actions Against Samsung And Allegations In This Action

On September 28, 2017, Tessera and its affiliates filed seven domestic actions (including this action) against various Samsung defendants in federal courts in this District, Delaware, New Jersey, and in the U.S. International Trade Commission. Captions for these actions are below. Samsung is concurrently moving to transfer all three actions filed in this District to Delaware.

1. *Tessera Advanced Techs., Inc. v. Samsung Elecs. Co., Ltd. and Samsung Elecs. Am., Inc.*, 17-cv-00671 (E.D. Tex.) (this action)

2. *FotoNation Ltd. and DigitalOptics Corp. MEMS v. Samsung Elecs. Co., Ltd. and Samsung Elecs. Am., Inc.*, 17-cv-00669 (E.D. Tex.) (before Judge Schroeder)

3. *Invensas Corp. v. Samsung Elecs. Co., Ltd. and Samsung Elecs. Am., Inc.*, 17-cv-00670 (E.D. Tex.) (before Judge Schroeder and Magistrate Judge Payne)

4. *Invensas Corp. v. Samsung Elecs. Co., Ltd. and Samsung Austin Semiconductor, LLC*, 17-cv-01363 (D. Del.)

5. *Invensas Bonding Techs., Inc. v. Samsung Elecs. Co., Ltd. and Samsung Elecs. Am., Inc.*, 17-cv-07609 (D.N.J.)

6. *Tessera Advanced Techs., Inc. v. Samsung Elecs. Co., Ltd. and Samsung Elecs. Am., Inc.*, 17-cv-07621 (D.N.J.)

7. *Tessera Advanced Techs., Inc. v. Samsung Elecs. Co., Ltd. and Samsung Elecs. Am., Inc.*, 337-TA-1080 (I.T.C.)

Tessera's complaint in this action identifies no ties between itself and this District. Rather, Tessera is a Delaware corporation headquartered in San Jose, California. D.I. 1 at ¶ 2. Tessera is a wholly-owned subsidiary of Tessera Technologies, Inc., which is also a Delaware corporation

headquartered in San Jose, California.  D.I. 3.  The affiliates of Tessera that filed the other six actions against Samsung on September 28, 2017, are all also wholly-owned subsidiaries of Tessera Technologies.  Exs. 1-4.[1]

Tessera's complaint in this action alleges that Defendants Samsung Electronics Co., Ltd. ("SEC") and Samsung Electronics America, Inc. ("SEA") infringe two patents:  U.S. 6,512,298 ("'298 Patent") and 6,852,616 ("'616 Patent") (collectively, "Asserted Patents").  D.I. 1 at ¶ 1.  The '616 Patent is a division of the '298 Patent.  Exs. 5-6.  The Asserted Patents are directed to semiconductor chip designs and manufacturing processes.  *Id*.  Tessera alleges that Samsung infringes the Asserted Patents because its smartphone products such as "Samsung's Galaxy S6, S7, and S8 devices" use semiconductor chips — including Power Management IC ("PMIC") chips, processors, and memory — that practice the Asserted Patents.  D.I. 1 at ¶¶ 13, 15, 29.

Samsung filed its Answer on December 19, 2017.  D.I. 21.  The scheduling conference is set for February 2, 2018, and the parties have not yet served any discovery.

**B.     The Samsung Defendants**

SEC is a Korean company headquartered in Suwon, Korea.  Lee Decl. at ¶ 3.  SEC and its employees are responsible for developing, designing, testing, manufacturing, and assembling the semiconductor chips accused by Tessera as well as consumer products that use these chips.  *Id*. at ¶ 4.  To the extent that any documentation relating to the accused semiconductor chips exists, it would be located in SEC's facilities in Korea.  *Id*. at ¶ 5.  No SEC witnesses or documentation concerning semiconductor chips are located in this District.  *Id*. at ¶ 6.

SEA, a wholly-owned subsidiary of SEC, is a New York corporation headquartered in Ridgefield Park, New Jersey.  Diaz Decl. at ¶¶ 3-4.  SEA has offices in Richardson, Texas.  *Id*. at

---

[1]   Unless otherwise noted, citations to "Ex." refer to exhibits to the declaration of John Kappos.

¶ 3. SEA imports into the United States consumer products manufactured by SEC, and SEA is responsible for commercialization, sales, marketing, distribution, service, and repair for those consumer products in the United States. *Id.* at ¶ 5. SEA has no involvement in the design, development, testing, manufacture, or assembly of the semiconductor chips contained in those consumer products. *Id.* SEA maintains financial documents in an accounting system accessible from multiple SEA offices, including its New Jersey headquarters. *Id.* at ¶ 6. SEA maintains some marketing and sales documents at its Richardson, Texas office, but these documents can be accessed at SEA's New Jersey headquarters as well. *Id.* SEA does not possess any documents relating to the design, development, testing, manufacture, or assembly of the accused semiconductor chips, nor does it have any employees who could serve as witnesses on those subjects. *Id.* at ¶ 7.

[redacted]

Tessera's complaint alleges willful infringement for both Asserted Patents based on pre-suit communications with Samsung occurring on May 2, 2016. D.I. 1 at ¶¶ 24-25, 37-38. For example, for the '298 Patent, Tessera alleges:

> By at least May 2, 2016, Plaintiff disclosed the existence of the '298 patent to Samsung and identified at least some of Samsung's activities that infringe the '298 patent. Thus, Samsung has had knowledge of the '298 patent and that its activities infringe the '298 patent since at least May 2, 2016.

*Id*. at ¶ 24.

[redacted]

[redacted] [redacted]

[redacted]

[redacted]

[redacted]

[redacted]

**F. Other Potentially Relevant Third Parties**

Based on its current investigation, Samsung believes the inventors are all currently located

in Japan. Exs. 17-19. Samsung's investigation into validity of the Asserted Patents is ongoing and it has yet to identify the prior art references that it will rely on in this litigation, and thus the location of prior art witnesses is currently unknown.

## III. LEGAL STANDARDS

Following Fifth Circuit law, this Court applies the "public" and "private" factors in deciding a § 1404(a) motion to transfer. *In re Volkswagen*, 545 F.3d 304, 314 n.9 (5th Cir. 2008). The "private" factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make a trial easy, expeditious, and inexpensive. *Id.* at 315. The "public" factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflicts of laws in the application of foreign law. *Id.*

If "the movant asserts a forum selection clause in a motion to transfer" and the "court concludes that the forum selection clause is" triggered by a claim or defense, then the "§ 1404 analysis is altered in two relevant ways: (1) the plaintiff's choice of forum merits no weight, and (2) the district court should consider arguments about public interest factors only" and disregard the private factors. *Uniloc USA, Inc. v. Cisco Sys., Inc.*, No. 6:15-CV-1175-JRG, 2017 WL 959856, at *2 (E.D. Tex. Mar. 13, 2017) (citing *Atl. Marine Constr. Co. v. U.S. Dist. Court for the W. Dist. of Tex.*, 134 S. Ct. 568, 579 (2013)). "[T]he practical result" of this altered analysis "is that forum selection clauses should control except in unusual circumstances." *Id.*

[redacted] [redacted]

This motion will first address the threshold issue of whether this action could be brought in Delaware. [redacted]

[redacted]. Although the private factors need not be considered in light of the forum selection clause, those factors are nonetheless addressed after the public factors. And here, the private factors still compel transfer because to prove its [redacted] Samsung will rely on evidence and testimony from PNA, a non-party that is within the 100-mile subpoena power of Delaware.

**A. This Action Could Have Been Brought In Delaware**

A threshold issue in the transfer inquiry is whether the suit could have been brought in the transferee district. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). Tessera's suit could have been brought in Delaware because venue there would have been proper in this case over both SEC and SEA. As a foreign entity, SEC can be sued in any district. *Brunette Mach. Works, Ltd. v. Kockum Indus., Inc.*, 406 U.S. 706 (1972). Under *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514 (2017), venue would be improper as to SEA, a New York corporation without an office in Delaware. [redacted]

Thus, this action could have been brought in Delaware. *E.g.*, *Shawn Massey Farm Equip., Inc. v. CLAAS of Am., Inc.*, No. 4:12–CV–300, 2012 WL 7004153, at *5 (E.D. Tex. Dec. 19, 2012) ("Because the Court has found that the forum selection clause is enforceable and covers the claims in this lawsuit, the Court finds that this case could have been brought in the [transferee forum].").

[redacted] [redacted]

Following the Supreme Court's precedent, this District has held: "§ 1404(a) requires that a forum selection clause be 'given controlling weight in all but the most exceptional cases.'" *Rovi Guides, Inc. v. Comcast Corp.*, Nos. 2:16-CV-00321-RSP, 2016 WL 6217201, at *2 (E.D. Tex.

Oct. 25, 2016) (citing *Atl. Marine*, 134 S. Ct. at 579). Thus, the "threshold question when the movant asserts a forum selection clause in a motion to transfer is whether the clause [is] implicated by [an] underlying claim or defense." *Uniloc*, 2017 WL 959856, at *2. "[W]hen making [this] threshold determination . . . the nexus between the present case" and a party's "defense must be 'non-frivolous.'" *Id.*

Applying the "non-frivolous" standard in *Uniloc*, this Court granted transfer to the Western District of Washington, which was the venue designated in a prior license agreement that the plaintiff had entered into and to which the defendant was a third-party beneficiary and licensee. 2017 WL 959856, at *1, 3. This Court rejected plaintiff's arguments that the agreement's scope excluded the defendant as a beneficiary, reasoning that those arguments "demonstrate nothing more or less than the fact that there is a live dispute . . . regarding [defendant's] license defense. The resolution of this dispute, however, should not be made by this Court." *Id.* at *4. Similarly, this District in *Rovi Guides* granted transfer to the Southern District of New York because the plaintiff and defendant had entered into a license agreement with a forum selection clause stating that any action "based on any matter arising out of" the agreement "shall be brought" in New York, and defendant raised a license defense, arguing that "[plaintiff] accuses technology that may be covered by the Agreement." 2016 WL 6217201, at *4. This District rejected plaintiff's argument that the accused products were not covered by the agreement because "[s]uch arguments . . . demand resolution of [defendant's] liability and defenses, begging the question of whether Rovi's patent infringement suits are at least connected to the [agreement]." *Id.*

[redacted]

[Page content redacted]

Case 2:17-cv-00671-JRG   Document 36   Filed 02/07/18   Page 14 of 20 PageID #: 278

[redacted]

**C. The Public Factors Collectively Favor Transfer**

When a forum selection clause is triggered, "a district court may consider arguments about public-interest factors only." *Atl. Marine*, 134 S. Ct. at 582. But "those factors will rarely defeat a transfer motion," so "the practical result is that forum-selection clauses should control except in unusual cases." *Id.* [redacted]

Public factor (1), difficulties flowing from court congestion, favors transfer. Between 2014 and 2017, over twice as many patent cases have been filed in this District (6,498 cases) versus Delaware (2,720 cases). Ex. 20-21. Public factor (2), interest in having localized interests decided at home, favors transfer. While neither party is incorporated in Texas nor based in this District, Tessera is a Delaware corporation. D.I. 1 at ¶ 2. Although SEA has offices in Richardson, Texas, SEA has no involvement with the design and manufacture of the accused semiconductor chips. Diaz Decl. at ¶ 5. [redacted]

Public factor (4) is neutral because the same law will apply in both forums.

**D. The Private Factors, If Considered, Favor Transfer Because Of Evidence Needed From PNA To Resolve** [redacted]

Where, as here, a forum selection clause is triggered, a court "should not consider

arguments about the parties' private interests." *Atl. Marine*, 134 S. Ct. at 582.

Because PNA is located in Newark, New Jersey — a city that is 99.82 miles from Wilmington, Delaware, compared to 1,251.79 miles from Marshall, Texas, Exs. 15-16 — the private factors favor transfer.

The first factor, the relative ease of access to sources of proof, considers the distance that documents or other evidence must travel to reach the trial venue. *In re Volkswagen*, 545 F.3d at 315-16. This factor favors transfer because documents in PNA's possession relating to the are located at PNA's offices in Newark, which is much closer to Delaware than this Court. Aside from PNA's documents, the location of the other evidence does not favor either forum. To the extent technical documents relating to the accused semiconductor

chips exist, they would be located in Korea at SEC's facilities. Lee Decl. at ¶ 4. Although SEA has an office in Richardson, Texas, SEA's documents are limited to marketing and sales information, and these documents are accessible at SEA's New Jersey headquarters, which is closer to Delaware. Diaz Decl. at ¶ 6. Tessera's documents are likely maintained in its San Jose, California headquarters, which is not significantly closer to either forum.

Under the second factor, availability of compulsory process over witnesses, a "venue that has 'absolute subpoena power for both deposition and trial' is favored over one that does not," and "Rule 45 of the Federal Rules of Civil Procedure limits the court's subpoena power by protecting non-party witnesses who work or reside more than 100 miles from the courthouse." *Mears Techs., Inc. v. Finisar Corp.*, No. 2:13-cv-376-JRG, 2014 WL 1652603, at *2 (E.D. Tex. Apr. 24, 2014) (citing *In re Volkswagen*, 545 F.3d at 316). The second factor strongly favors transfer because Newark is less than 100 miles from Wilmington, Delaware and, thus, PNA is within the subpoena power of Delaware (but not this Court). Ex. 16; FRCP 45(c)(1)(A). Delaware may likewise have compulsory process to compel trial attendance for current or former PNA employees who reside within 100 miles of the Delaware court. The other potentially relevant third parties, the inventors, are located in Japan and thus outside the subpoena power of either forum.

Under the third factor, cost of attendance for willing witnesses, the "convenience of non-party witnesses is given more weight in the transfer analysis than the convenience of party witnesses." *Oyster Optics, LLC v. Coriant Am. Inc.*, No. 2:16-cv-1302, 2017 WL 4225202, at *6 (E.D. Tex. Sept. 22, 2017). This third factor strongly favors transfer because employee witnesses of PNA in Newark can reach Wilmington by car or train in less than two hours. Exs. 22-23. By contrast, traveling from Newark to Marshall, Texas takes over six hours by plane and ground transit. Exs. 24-25. SEC, Tessera, and inventor witnesses are located abroad in Korea, Japan, and San Jose, California, respectively, and are therefore neutral or irrelevant to the analysis. *See*

*Alacritech Inc. v. CenturyLink, Inc.*, No. 2:16-CV-00693-JRG-RSP, 2017 WL 4155236, at *5 (E.D. Tex. Sept. 19, 2017) ("when a particular witness would be required to travel a significant distance regardless of the chosen venue, that witness is discounted for purposes of the analysis"). Samsung's SEA witnesses are likely located in either Ridgefield Park, New Jersey (SEA's principal place of business), which is closer to Wilmington, or Richardson, Texas, which is closer to Marshall, so the location of SEA's witnesses do not favor either venue. In any event, "the convenience of party witnesses is given less weight." *Oyster Optics*, 2017 WL 4225202, at *6.

The fourth factor, all other practical problems that make a trial expeditious, favors transfer because this case is still in its infancy. Samsung only recently filed its answer on December 19, 2017. D.I. 21. And the parties have yet to serve any discovery. *See Auto. Body Parts Ass'n v. Ford Glob. Techs., LLC*, No. 4:13-cv-705-ALM, Dkt. No. 62 at 12-13 (E.D. Tex. Jan. 7, 2015) (granting a motion to transfer where discovery had commenced but the case was in its early stages, and there was "no improper delay" by either party).

[REDACTED]

## V. CONCLUSION

[REDACTED]

Dated: February 1, 2018                Respectfully submitted,

By: */s/ Ryan K. Yagura*

Mark A. Samuels (Cal. Bar. No. 107026)
msamuels@omm.com
Ryan K. Yagura (Tex. Bar No. 24075933)
ryagura@omm.com
Brian M. Berliner (Cal. Bar No. 156732)
bberliner@omm.com
Nicholas J. Whilt (Cal. Bar No. 247738)
nwhilt@omm.com
**O'MELVENY & MYERS LLP**
400 S. Hope Street
Los Angeles, CA 90071
Telephone: 213-430-6000
Facsimile: 213-430-6407

John Kappos (Cal. Bar No. 171977)
jkappos@omm.com
**O'MELVENY & MYERS LLP**
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
Telephone: 949-823-6900
Facsimile: 949-923-6994

D. Sean Trainor (D.C. Bar No. 463514)
dstrainor@omm.com
**O'MELVENY & MYERS LLP**
1625 Eye Street NW
Washington, DC 20037
Telephone: 202-383-5300
Facsimile: 202-383-5414

Melissa R. Smith
melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, TX 75670
Telephone: 903-934-8450
Facsimile: 903-934-9257

***Attorneys for Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.***

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Plaintiff's counsel of record were served with a true and correct copy of the foregoing document by electronic mail on this the 1st day of February, 2018.

*/s/ Melissa R. Smith*
Melissa R. Smith

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I hereby certify that the foregoing document is authorized to be filed under seal pursuant to the Protective Order entered in this case.

*/s/ Melissa R. Smith*
Melissa R. Smith

**CERTIFICATE OF CONFERENCE**

On January 30, 2018, pursuant to Local Rule CV-7(h), counsel for Defendants met and conferred with counsel for Plaintiff, and counsel for Plaintiff indicated on January 31, 2018, that Plaintiff is opposed to the relief sought by this Motion.

*/s/ Melissa R. Smith*
Melissa R. Smith