# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **TESSERA ADVANCED TECHNOLOGIES, INC.,**<br><br>  Plaintiff,<br><br>  vs.<br><br>**SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC.,**<br><br>  Defendants. | Civil Action No. 2:17-cv-671-JRG <br><br>**JURY TRIAL DEMANDED** |

## DEFENDANTS' MOTION TO STAY PENDING ARBITRATION

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................................ 1

II. FACTUAL BACKGROUND ............................................................................................... 2

III. A STAY PENDING ARBITRATION IS MANDATORY IN THIS CASE ....................... 5

    A. There Is A Written Agreement To Arbitrate ............................................................ 5

    B. Samsung's License Defense Is Within The Reach Of The Written Agreement to Arbitrate ............................................................................... 6

    C. The Mandatory Stay Provision Applies To Tessera .............................................. 8

        1. ████████████████████████████████████████ ................................................................. 8

        2. ████████████████████████████████ ................................................................................. 10

IV. THE COURT SHOULD EXERCISE ITS DISCRETION TO GRANT A STAY PENDING ARBITRATION ............................................................................................... 11

V. CONCLUSION .................................................................................................................. 12

## TABLE OF AUTHORITIES

Page

**CASES**

*Adams v. Ga. Gulf Corp.*,
    237 F.3d 538 (5th Cir. 2001) .................................................................................................. 10

*Ambraco, Inc. v. Bossclip B.V.*,
    570 F.3d 233 (5th Cir. 2009) .................................................................................................. 11

*Apollo Comput., Inc. v. Berg*,
    886 F.2d 469 (1st Cir. 1989) .................................................................................................... 7

*Bridas S.A.P.I.C. v. Gov't of Turkmenistan*,
    345 F.3d 347 (5th Cir. 2003) .................................................................................................... 8

*Certain Wafer-Level Packaging Semiconductor Devices and Products*
    *Containing Same*,
    USITC Investigation No. 337 TA 1080 .................................................................................. 3

*Coastal (Bermuda) Ltd. v. E.W. Saybolt & Co.*,
    761 F.2d 198 (5th Cir. 1985) .................................................................................................. 11

*Complaint of Hornbeck Offshore (1984) Corp.*,
    981 F.2d 752 (5th Cir. 1993) ............................................................................................ passim

*Grigson v. Creative Artists Agency, L.L.C.*,
    210 F.3d 524 (5th Cir. 2000) .................................................................................................... 8

*Harvey v. Joyce*,
    199 F.3d 790 (5th Cir. 2000) ........................................................................................ 9, 10, 11

*Landis v. N. Am. Co.*,
    299 U.S. 248 (1936) ............................................................................................................... 11

*Mar–Len of La., Inc. v. Parsons–Gilbane*,
    773 F.2d 633 (5th Cir. 1985) .................................................................................................... 6

*Mastrobuono v. Shearson Lehman Hutton, Inc.*,
    514 U.S. 52 (1995) ................................................................................................................... 9

*Matter of Talbott Big Foot, Inc.*,
    887 F.2d 611 (5th Cir. 1989) .................................................................................................. 11

*McCarthy v. Azure*,
    22 F.3d 351 (1st Cir.1994) ....................................................................................................... 8

*Mentor H/S, Inc. v. Med. Device All., Inc.*,
    240 F.3d 1016 (Fed. Cir. 2001) ............................................................................................... 8

## TABLE OF AUTHORITIES
(continued)

Page

*Midwest Mech. Contractors, Inc. v. Commonwealth Constr. Co.*,
  801 F.2d 748 (5th Cir. 1986) .................................................................................. 1, 5

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
  460 U.S. 1 (1983) ......................................................................................................... 11

*Neal v. Hardee's Food Sys., Inc.*,
  918 F.2d 34 (5th Cir. 1990) ......................................................................................... 6

*Petrofac, Inc. v. DynMcDermott Petroleum Operations Co.*,
  687 F.3d 671 (5th Cir. 2012) ....................................................................................... 7

*Samsung Electronics Co., LTD. v. Matsushita Elec. Indus. Co., LTD. et al*,
  6:06-cv-00154-LED (E.D. Tex.) ................................................................................. 2

*Seaboard Coast Line R.R. Co. v. Nat'l Rail Passenger Corp.*,
  554 F.2d 657 (5th Cir. 1977) ..................................................................................... 11

*Sedco v. Petroleos Mexicanos Mexican Nat'l Oil*,
  767 F.2d 1140 (5th Cir.1985) ................................................................................... 6, 7

*Smith/Enron Cogeneration Ltd. P'ship, Inc. v. Smith Cogeneration Int'l, Inc.*,
  198 F.3d 88 (2d Cir.1999) ........................................................................................... 8

*Subway Equip. Leasing Corp. v. Forte*,
  169 F.3d 324 (5th Cir. 1999) ..................................................................................... 10

*United Steelworkers of Am. v. Am. Mfg. Co.*,
  363 U.S. 564 (1960) .................................................................................................... 11

*Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.*,
  489 U.S. 468 (1989) ...................................................................................................... 9

*Waste Mgmt., Inc. v. Residuos Industriales Multiquim, S.A. de C.V.*,
  372 F.3d 339 (5th Cir. 2004) ............................................................................. 5, 9, 10

*Wick v. Atl. Marine, Inc.*,
  605 F.2d 166 (5th Cir. 1979) ..................................................................................... 11

**STATUTES**

9 U.S.C. § 1 *et seq.*............................................................................................................ 5

**RULES**

ICC Rule 6(3).................................................................................................................... 7

I.  **INTRODUCTION**

This case should be stayed pending arbitration.  The defendants, Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung"), were parties to a patent infringement dispute with Matsushita Electrical Industrial Co., Ltd. ("MEI"), now Panasonic Corporation ("Panasonic"), more than a decade ago, ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████.

Samsung has provided Tessera (and Panasonic) with notice, in accordance with the agreement, that it intends to exercise its right to arbitrate the issue of ████████████████████████████████████████████.  Samsung now asks the Court to stay this case pending resolution of that arbitration, which is set to commence in May 2018.  Such stay is mandatory under the Federal Arbitration Act ("FAA") and Fifth Circuit law.  *See Complaint of Hornbeck Offshore (1984) Corp.*, 981 F.2d 752, 754 (5th Cir. 1993).  Indeed, "'[i]f the issues in a case are within the reach of [an arbitration] agreement, the district court has no discretion under [the FAA] to deny the stay.'"  *Id.* (quoting *Midwest Mech. Contractors, Inc. v. Commonwealth Constr. Co.*, 801 F.2d 748, 751 (5th Cir. 1986).  ████████████████████████

███████████████████████████████████████████
███████████████████████████████

## II. FACTUAL BACKGROUND

In 2005, Samsung Electronics Co. Ltd. sued MEI and Panasonic Corporation of North America in the Eastern District of Texas, alleging infringement of certain Samsung semiconductor patents. *Samsung Electronics Co., LTD. v. Matsushita Elec. Indus. Co., LTD. et al*, 6:06-cv-00154-LED (E.D. Tex.), D.I. 1. MEI countersued Samsung Electronics America, Inc., Samsung Semiconductor, Inc. and Samsung Austin Semiconductor LLC, alleging infringement of certain MEI semiconductor patents. *Id.*, D.I. 15. After two and a half years of litigation, the parties reached a settlement and dismissed all claims with prejudice. *Id.*, D.I. 216 & 217.



---

[2] "Ex." refers to Exhibits to the Declaration of Anthony G. Beasley in support of Defendants' Motion to Stay Pending Arbitration, filed concurrently herewith.



In December 2014, Panasonic[3] assigned several patents to Pannova Semic LLC ("Pannova"), including U.S. Patent Nos. 6,512,298, 6,852,616, 6,954,001, and 6,784,557 (the "Panasonic Patents"). Ex. 3; *see also* Exs. 4-7.  One year later, in January 2016, Pannova assigned the Panasonic Patents to Tessera.  Ex. 8.  Tessera then used the Panasonic Patents to file patent infringement complaints against Samsung in this Court (alleging infringement of the '298 and '616 patents) and the International Trade Commission (alleging infringement of the '001 and '557 patents).  *See Certain Wafer-Level Packaging Semiconductor Devices and Products Containing Same*, USITC Investigation No. 337 TA 1080.

---

[3] In 2008, Matsushita Electrical Industrial Co., Ltd. changed its name to Panasonic Corporation. Ex. 2.

Samsung believes it is licensed to practice the asserted Panasonic Patents under the Agreement. ███████████████████████████

███████████████████████████

███████████████████████████

███████████████████████████

███████████████████████████

███████████████████████████

███████████████████████████

██████████ Samsung has raised its license to practice the Panasonic Patents as a defense to Tessera's infringement allegations in both this action and the ITC Investigation. *See* D.I. 21 (Samsung's Answer) ¶ 51 ("Plaintiff's claims of infringement by Samsung are barred or limited because Plaintiff's predecessor-in-interest has granted Samsung an express license that covers the Asserted Patents and accused products.").

On February 7, 2018, Samsung sent a letter to Panasonic, Pannova, and Tessera, providing "formal notice, pursuant to paragraph 11.8 of the Agreement[,] that Samsung will submit the disputes addressed [in the letter] to arbitration if they are not amicably resolved within ninety (90) days." Ex. 9 at 1. The disputes addressed in the letter include:

- ███████████████████████████████████████████

- ███████████████████████████████████████████

- ███████████████████████████████████████████

*Id.* at 2. If the parties fail to reach an agreement, arbitration will commence in May 2018.

To avoid simultaneous adjudication of these issues in arbitration and in this Court, and to ensure that the arbitration clause in the Agreement is honored, Samsung now moves to stay this case pending resolution of these disputes by an arbitrator. Notably, this case is in its infancy—neither party has served written discovery, the *Markman* hearing is several months away (September 2018), and trial will not commence for over a year (April 2019). D.I. 46.

### III. A STAY PENDING ARBITRATION IS MANDATORY IN THIS CASE

The FAA, 9 U.S.C. § 1 *et seq.*, governs stays of litigation pending arbitration. Section 3 of the Act "provides for a stay of legal proceedings whenever the issues in a case are within the reach of an arbitration agreement." *Hornbeck*, 981 F.2d at 754 (citing *Midwest Mech. Contractors*, 801 F.2d at 751). "This provision is **mandatory**: 'If the issues in a case are within the reach of the agreement, the district court has no discretion under section 3 to deny the stay.'" *Hornbeck*, 981 F.2d at 754 (emphasis added) (quoting *Midwest Mech. Contractors*, 801 F.2d at 751).

"In ruling on a motion for a stay under § 3, and pursuant to the plain wording of that section, a court must … 'determine whether there is a written agreement to arbitrate' [and] 'whether any of the issues raised are within the reach of that agreement.'" *Hornbeck*, 981 F.2d at 754 (quoting *Midwest Mech. Contractors*, 801 F.2d at 750). Because Tessera is not a signatory to the Agreement, the Court must also determine whether the mandatory stay provision applies to Tessera. *Waste Mgmt., Inc. v. Residuos Industriales Multiquim, S.A. de C.V.*, 372 F.3d 339, 343 (5th Cir. 2004).

#### A. There Is A Written Agreement To Arbitrate

There can be no dispute that there is a written agreement to arbitrate. ▮

▮

▮

▮

5

██████████████████████████████████████████

### B. Samsung's License Defense Is Within The Reach Of The Written Agreement to Arbitrate

In deciding whether a dispute falls within the reach of an arbitration agreement, the Fifth Circuit has "distinguishe[d] between broad and narrow arbitration clauses." *Hornbeck*, 981 F.2d at 754-55 (emphasis added) (citing *Sedco v. Petroleos Mexicanos Mexican Nat'l Oil*, 767 F.2d 1140, 1145 n.10 (5th Cir.1985)). "If the clause is broad, the action should be stayed and ***the arbitrators*** permitted to decide whether the dispute falls within the clause." *Id.* (emphasis added). Only where the clause is narrow should the court analyze whether "the dispute falls within the clause" before entering a stay. *Id*. "'[W]henever the scope of an arbitration clause is fairly debatable or reasonably in doubt, the court should decide the question of construction in favor of arbitration.'" *Id.* at 755 (quoting *Mar–Len of La., Inc. v. Parsons–Gilbane*, 773 F.2d 633, 635 (5th Cir. 1985)).

████████████████████████████████████████

████████████████████████████████████ The Fifth Circuit has held that "arbitration clauses containing … 'any dispute' language … are of the broad type." *Id*. at 754-55 (citing *Sedco*, 767 F.2d at 1144 (clause requiring arbitration of "any dispute or difference between the parties" was broad); *Mar–Len*, 773 F.2d at 636 (clause requiring arbitration of "any dispute ... with respect to the interpretation or performance of" the contract was broad); *Neal v. Hardee's Food Sys., Inc.*, 918 F.2d 34, 38 (5th Cir. 1990) (clause requiring arbitration of "any and all disputes" between the parties was broad). ████████

████████████████████████████████████████

████████████████ As the Fifth Circuit has noted, "'[i]t is difficult to

6

imagine broader general language than … 'any dispute.'" *Hornbeck*, 981 F.2d at 754-55 (quoting *Sedco*, 767 F.2d at 1145).

Even if this Court were to conduct its own analysis of whether Samsung's license defense is arbitrable, the answer must be yes. █████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

████████████████

### C. The Mandatory Stay Provision Applies To Tessera

The sole remaining question is whether the mandatory stay provision of the FAA applies to Tessera, a non-signatory to the Agreement. The provision does apply for two independent reasons: ▮▮▮ and (2) the Fifth Circuit has held that courts should apply the provision to a non-signatory under certain conditions, which are met in this case.

1.   ▮▮▮

While Tessera is not a signatory to the Agreement, ▮▮▮



.

"Who is actually bound by an arbitration agreement is a function of the intent of the parties, as expressed in the terms of the agreement." *Bridas S.A.P.I.C. v. Gov't of Turkmenistan*, 345 F.3d 347, 355 (5th Cir. 2003) (citing *Grigson v. Creative Artists Agency, L.L.C.*, 210 F.3d 524, 528 (5th Cir. 2000) (noting that whether a party is obligated to arbitrate is a matter of contract); *Smith/Enron Cogeneration Ltd. P'ship, Inc. v. Smith Cogeneration Int'l, Inc.*, 198 F.3d 88, 95 (2d Cir.1999) (noting that whether an entity is a party to the arbitration agreement is included within the broader issue of whether the parties agreed to arbitrate); *McCarthy v. Azure*, 22 F.3d 351, 355 (1st Cir.1994) (noting that federal common law "dovetails precisely with general principles of contract

law," and "the judicial task in construing a contract is to give effect to the mutual intentions of the parties")). ████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████

Tessera cannot avoid this result by arguing that the asserted Panasonic Patents are not licensed. For the reasons set forth above, that question must be decided by an arbitrator. *Supra* § III(B). For this Court to decide the issue as a predicate to determining whether arbitration is warranted would wholly undermine "[t]he FAA's central purpose … to ensure 'that private agreements to arbitrate are enforced according to their terms.'" *Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52, 52 (1995) (quoting *Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.*, 489 U.S. 468, 479 (1989)). Indeed, the Fifth Circuit has explained that forcing defendants to litigate issues subject to arbitration would render "the arbitration proceedings … both redundant and meaningless[,] in effect, thwarting the federal policy in favor of arbitration." *Harvey v. Joyce*, 199 F.3d 790, 796 (5th Cir. 2000); *see also Waste Mgmt.*, 372 F.3d at 343 & n.4 (a stay is warranted when "litigation will destroy the … right to a meaningful arbitration" and thwart the federal policy in favor of arbitration).

If the arbitrator determines that Samsung is not licensed under the Agreement to practice the asserted Panasonic Patents, Tessera may return to this forum to pursue its infringement claims. But this Court is not the appropriate tribunal in which to adjudicate interpretation of the Agreement, which the parties thereto agreed to arbitrate. *See supra* § III(B).

9

**2.**  ██████████████████████████████████

██████████████████████████████████ section 3 of the FAA still applies. The Fifth Circuit has held that litigation between parties and non-parties to an arbitration agreement should be stayed pending arbitration where "the issues presented in the nonparty-party litigation if litigated would … render[] the arbitration redundant and thwart[] the federal policy favoring arbitration." *Adams v. Ga. Gulf Corp.*, 237 F.3d 538, 540 (5th Cir. 2001) (citing *Harvey*, 199 F.3d at 796 (holding that a stay must include issues of litigation brought against nonsignatory because allowing the litigation to go forward would render the arbitration "redundant and meaningless"); *Subway Equip. Leasing Corp. v. Forte*, 169 F.3d 324, 329 (5th Cir. 1999) (holding that a stay must be granted in order to prevent harm to the signatories rights to arbitrate)). The Fifth Circuit has articulated three factors the Court should consider in making this determination: 1) whether "the arbitrated and litigated disputes … involve the same operative facts;" 2) whether "the claims asserted in the arbitration and litigation [are] 'inherently inseparable';" and 3) whether "the litigation [will] have a 'critical impact' on the arbitration." *Waste Mgmt.*, 372 F.3d at 343.

In this case, the issue to be arbitrated—*i.e.*, whether Samsung is licensed under the Agreement to practice the asserted Panasonic Patents—is ***identical*** to the license defense Samsung will raise in this action. All three of the above factors are thus met. This defense, whether arbitrated in accordance with the Agreement or litigated here, is entirely the same defense. It involves a single set of facts, and is not separable. Moreover, this Court's determination of this issue will render the arbitration proceedings moot, unquestionably "thwart[ing] the federal policy favoring arbitration." *Adams*, 237 F.3d at 540. These are precisely the circumstances in which section 3 of the FAA should be applied to a non-signatory.

## IV. THE COURT SHOULD EXERCISE ITS DISCRETION TO GRANT A STAY PENDING ARBITRATION

If the Court finds that the requirements for a mandatory stay are not met, the Court should nonetheless exercise its discretion to enter a stay pending arbitration. *Hornbeck*, 981 F.2d at 755 (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 20 n.23 (1983); *Matter of Talbott Big Foot, Inc.*, 887 F.2d 611, 614 (5th Cir. 1989)). The Court's discretionary authority to issue a stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 243 (5th Cir. 2009) (citing *Coastal (Bermuda) Ltd. v. E.W. Saybolt & Co.*, 761 F.2d 198, 204 n.6 (5th Cir. 1985)). Determining whether to issue a discretionary stay "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254-55.

For all of the reasons discussed above, allowing this litigation to proceed before arbitration is resolved would effectively nullify Samsung's right to arbitrate the interpretation of the Agreement and would undermine the FAA's strong policy in favor of arbitration. "[The FAA] establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Moses H. Cone*, 460 U.S. at 24-25; *see also Harvey*, 199 F.3d at 793. "[U]nless it can be said with positive assurance that an arbitration clause is not susceptible of an interpretation which would cover the dispute at issue, then a stay pending arbitration should be granted." *Wick v. Atl. Marine, Inc.*, 605 F.2d 166, 168 (5th Cir. 1979) (citing *United Steelworkers of Am. v. Am. Mfg. Co.*, 363 U.S. 564 (1960); *Seaboard Coast Line R.R. Co. v. Nat'l Rail Passenger Corp.*, 554 F.2d 657 (5th Cir. 1977)).

## V. CONCLUSION

Based on the foregoing, Samsung requests that the Court stay this case pending arbitration.

Dated: February 22, 2018

Respectfully submitted,

By: */s/ Melissa R. Smith*

Mark A. Samuels (Cal. Bar. No. 107026)
msamuels@omm.com
Ryan K. Yagura (Tex. Bar No. 24075933)
ryagura@omm.com
Brian M. Berliner (Cal. Bar No. 156732)
bberliner@omm.com
Nicholas J. Whilt (Cal. Bar No. 247738)
nwhilt@omm.com
**O'MELVENY & MYERS LLP**
400 S. Hope Street
Los Angeles, CA 90071
Telephone: 213-430-6000
Facsimile: 213-430-6407

John Kappos (Cal. Bar No. 171977)
jkappos@omm.com
**O'MELVENY & MYERS LLP**
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
Telephone: 949-823-6900
Facsimile: 949-923-6994

D. Sean Trainor (D.C. Bar No. 463514)
dstrainor@omm.com
**O'MELVENY & MYERS LLP**
1625 Eye Street NW
Washington, DC 20037
Telephone: 202-383-5300
Facsimile: 202-383-5414

Melissa R. Smith
melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, TX 75670
Telephone: 903-934-8450

Facsimile: 903-934-9257

***Attorneys for Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.***

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Plaintiff's counsel of record were served with a true and correct copy of the foregoing document by electronic mail on this the 22nd day of February, 2018.

            */s/ Melissa R. Smith*
            Melissa R. Smith

### CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(h), counsel for Defendants met and conferred with counsel for Plaintiff, and counsel for Plaintiff indicated on February 21, 2018, that Plaintiff is opposed to the relief sought by this Motion.

            */s/ Melissa R. Smith*
            Melissa R. Smith