**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **TESSERA ADVANCED TECHNOLOGIES, INC.,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC.,**<br><br>**Defendants.** | Civil Action No. 2:17-cv-671-JRG<br><br>**FILED UNDER SEAL**<br><br>**CONTAINS INFORMATION DESIGNATED "RESTRICTED - ATTORNEYS' EYES ONLY"**<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR
MOTION TO TRANSFER UNDER 28 U.S.C. § 1404(a)**

[redacted] in Delaware compels transfer. Despite Plaintiff's protestations to the contrary, resolution of its willfulness allegations ***requires*** [redacted] This is apparent from Plaintiff's own opposition brief, which argues not that [redacted] is irrelevant, but rather that the Court should adopt Plaintiff's [redacted]

Plaintiffs do not even mention once the standard that this Court must apply in determining whether transfer is warranted. *See* D.I. 43. [redacted] to compel transfer. *Uniloc USA, Inc. v. Cisco Sys., Inc.*, No. 6:15-CV-1175-JRG, 2017 WL 959856, at *2 (E.D. Tex. Mar. 13, 2017). The Court may not adjudicate the merits of Samsung's defense. *Id.* at *4. In fact, doing so "would exceed [the Court's] authority at this preliminary stage." *Id.* "[T]he practical result is that forum selection clauses should control except in unusual circumstances." *Id.* at *2; *see also id.* ("[o]nly under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion [based on a forum selection clause] be denied").

As Samsung's motion demonstrates, the nexus between Plaintiff's willfulness claims and [redacted] Indeed, to resolve Plaintiff's willfulness claims, the Court will be [redacted] Both Plaintiff's Complaint and Plaintiff's recently-filed First Amended Complaint make clear that Plaintiff intends to pursue willful infringement claims and to rely on post-April 2016 communications between the parties to support those claims. D.I. 1 ¶¶ 24, 37; D.I. 47 ¶¶ 24, 37. [redacted] Regardless

of whether or not Samsung will ultimately prevail on its [redacted] — an issue that, as discussed above, this Court should not decide at this preliminary stage — [redacted] is unquestionably at issue. [redacted]

Nothing in Plaintiff's opposition demonstrates otherwise. Far from proving that there is no dispute between the parties regarding [redacted] Plaintiff's opposition highlights the existence of such dispute. In fact, Plaintiff devotes much of its opposition to arguing that this Court should adopt its [redacted] D.I. 43 at 8-11. [redacted].

Plaintiff's reliance on the [redacted]

[1] Plaintiff's assertion that it could not have brought suit against SEA in Delaware is incorrect and misleading. As Plaintiff is well aware and as Samsung explained in its motion [redacted] And Fifth Circuit courts have consistently held that actions could have been brought in venues designated in forum selection clauses. *E.g.*, *Weber Aircraft, L.L.C. v. Krishnamurthy*, No. 4:12CV666, 2013 WL 1898280, at *10 (E.D. Tex. Apr. 12, 2013).

terms. Under the forum selection clause, this interpretation and analysis must be conducted by a Delaware court applying Delaware law. ***Second***, Plaintiff's willfulness claims necessarily place all of the parties' post-April 2016 communications at issue. Because a finding of willfulness requires evidence of ***Samsung's*** behavior, consideration of communications from ***both*** parties will be necessary to provide context for the communications cited by Plaintiffs. [REDACTED] But Samsung's ability to do so is [REDACTED], which must be interpreted by a Delaware court. ***Third***, the Court will be required to interpret and analyze [REDACTED] As these interpretation issues arise, this Court will be required to either adjudicate them, which is prohibited by the parties' [REDACTED] or to belatedly transfer this case to Delaware after one party relies on the other party's pre-suit communications, which would be a tremendous waste of the Court's and the parties' time and resources.

Requiring Plaintiff to litigate its willfulness allegations in Delaware is entirely just. By alleging willful infringement and seeking to rely on [REDACTED] If Plaintiff's choice of a Texas forum were of paramount importance, Plaintiffs could have declined to pursue willfulness claims, [REDACTED] But Plaintiffs did none of this. As a result, if Plaintiff wishes to assert willful infringement and to use communications [REDACTED]

## II. The Public Interest Factors Favor Transfer

Plaintiff relies almost exclusively on purported congestion in the Delaware courts to demonstrate that the public interest factors disfavor transfer. D.I. 43 at 13-14. But Congress is expected to appoint two new district court judges in Delaware as early as next month. Ex. 1.[2] And Plaintiff does not cite a single case, nor has Samsung found one, in which court congestion was sufficient to overcome the parties' unambiguous choice of forum.

Plaintiff also relies on SEA's office in Richardson, Texas, asserting that there is "local interest" in deciding this case in Texas. D.I. 43 at 14. This assertion is misleading. SEA is a New York company, headquartered in New Jersey. D.I. 36-23 ¶ 3. Its Texas office is a satellite office that has no responsibility for the design, development, or manufacture of the products accused in this case. *Id.* ¶ 5. In addition, Plaintiff fails to mention that Plaintiff is a Delaware corporation. D.I. 47 ¶ 2. There is thus far more local interest in having this dispute relating to the interests of a Delaware Corporation resolved in Delaware than in Texas.

## III. The Private Factors Favor Transfer

[redacted]

Samsung nonetheless briefly responds to Plaintiff's private interest arguments here.

[redacted]

[2] "Ex." refers to Exhibits to the Declaration of Anthony G. Beasley in support of Defendants' Reply, filed concurrently herewith.



Plaintiff next argues that Texas is a more convenient forum because SEA has an office in Richardson, Texas and Samsung Austin Semiconductor ("SAS"), a non-party, has an office in Austin, Texas. D.I. 43 at 12. But any SEA documents located in Texas are equally accessible from SEA's New Jersey headquarters, which is far closer to Delaware than to Texas. D.I. 36-23 ¶ 6. In addition, SAS is a Delaware corporation and its facilities in Austin, Texas, are outside of this Court's subpoena power. Ex. 2. This factor is therefore neutral or weighs in favor of transferring this case to Delaware.

Finally, this case has just begun. Neither party has served discovery requests, the *Markman* hearing is not for another seven months, in September, and trial is set for May 2019. D.I. 46. And Plaintiffs will not be required to "re-litigate" anything as a result of transfer. D.I. 43 at 12. Their infringement contentions will be equally applicable in Delaware.

**IV. Conclusion**

In light of the parties' unambiguous agreement to litigate disputes [redacted] in Delaware, Samsung asks the Court to grant its motion to transfer this case to Delaware.

---

Dated: February 23, 2018

Respectfully submitted,

By: */s/ Melissa R. Smith*

Ryan K. Yagura (Tex. Bar No. 24075933)
ryagura@omm.com
Brian M. Berliner (Cal. Bar No156732)
bberliner@omm.com
**O'MELVENY & MYERS LLP**
400 S. Hope Street
Los Angeles, CA 90071
Telephone: 213-430-6000
Facsimile: 213-430-6407

Darin W. Snyder (Cal. Bar No. 136003)
dsnyder@omm.com
Mark Liang (Cal. Bar No. 278487)
mliang@omm.com
**O'MELVENY & MYERS LLP**
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111
Telephone: 415-984-8700
Facsimile: 415-984-8701

D. Sean Trainor (D.C. Bar No. 463514)
dstrainor@omm.com
**O'MELVENY & MYERS LLP**
1625 Eye Street NW
Washington, DC 20037
Telephone: 202-383-5300
Facsimile: 202-383-5414

Melissa R. Smith
melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, TX 75670
Telephone: 903-934-8450
Facsimile: 903-934-9257

***Attorneys for Defendants Samsung Electronics Company, Ltd. and Samsung Electronics America, Inc.***

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Plaintiff's counsel of record were served with a true and correct copy of the foregoing document by electronic mail on this the 23rd day of February, 2018.

*/s/ Melissa R. Smith*
Melissa R. Smith

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I hereby certify that the foregoing document is authorized to be filed under seal pursuant to the Protective Order (DKT56) entered in this case.

*/s/ Melissa R. Smith*
Melissa R. Smith