**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| TESSERA ADVANCED TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC., <br><br> Defendants. | Civil Action No. 2:17-cv-671-JRG <br><br> **FILED UNDER SEAL** <br><br> **JURY TRIAL DEMANDED** |

**TESSERA ADVANCED TECHNOLOGIES, INC.'S SUR-REPLY TO DEFENDANTS'
MOTION TO TRANSFER UNDER 28 U.S.C. § 1404(a)**

RESTRICTED—ATTORNEYS' EYES ONLY

This Court's threshold inquiry is to determine whether the forum-selection clause applies.

Samsung argues that this case should be transferred because ███████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████   ████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████

Second, it is not even true that ███████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████ Tessera has done nothing more, as its Amended

Complaint confirms. ███████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

RESTRICTED—ATTORNEYS' EYES ONLY

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████████

At bottom, all of Samsung's arguments ████████████████ are nothing more than an attempt to "manufacture a contract dispute simply as a means to import the forum-selection clause into the case." *Indus. Print Techs. LLC v. Canon U.S.A., Inc.*, Case No. 2:14-cv-00019, 2014 WL 7240050, at \*5 (E.D. Tex. Dec. 19, 2014). ████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████  Accordingly, Samsung's motion should be denied.

█  ███████████████████████████████████████████████████

  █  █████████████████████████████████████████████████

Samsung's only argument for meeting the threshold requirement—that this case could have been brought in Delaware—is that, based ██████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████████  Samsung's cited cases regarding the

threshold issue all found a forum-selection clause applied, which is not true here.

███  ██████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████████████████   *See,*

*e.g.*, *Beal Bank, SSB v. Lucks*, No. 14896, 2001 WL 220252, at \*3, \*3 n.11 (Del. Ch. Feb. 20,

2001) (holding that where language is unambiguous "there is no room for interpretation" (internal

quotation omitted)).   ███████████████████████████████████

██████████████████

███  ██████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

█████  ████████████████████████████████████████████

██████████████████████████████████

RESTRICTED—ATTORNEYS' EYES ONLY

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████ This

argument is as brazen as it is futile. ████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████     █████████

████████████████████████████████████████████████

██████████████████████████ Any such future dispute is not ripe, and there presently is

no dispute whatsoever. *IPS Corp. v. WCM Indus., Inc.*, No. 2:12-cv-02694-JMP-tmp, 2013 WL

1338179, at *19-20 (W.D. Tenn. Mar. 29, 2013) (refusing to apply forum-selection clause based

on potential future claims of breach); *cf. Lower Colo. River Auth. v. Papalote Creek II, L.L.C.*, 858

F.3d 916, 921 (5th Cir. 2017) (refusing to enforce arbitration clause because dispute was not ripe).

████████████████████████████████████████████████

███████████████████████████

In sum, Samsung has not identified any ████████████████████████

████████████████████, let alone a non-frivolous one. ███████████████

████████████████████████████████████████████████

███████████████████████████████████████████

## II.     PUBLIC AND PRIVATE INTEREST FACTORS WEIGH AGAINST TRANSFER

As Samsung cannot satisfy the threshold requirement for transfer, there is no need to

consider the public or private interest factors.  Nevertheless, here both the public and private

interest factors weigh against transfer.  The Delaware district is understaffed and congested.  There

is no indication the Delaware judicial nominees will be confirmed any time soon.  And regardless

RESTRICTED—ATTORNEYS' EYES ONLY

of whether and when the nominees are confirmed, the fact remains that schedules in Delaware are slower than this district. (Resp. at 13.) Nor does Samsung's attempt to highlight Delaware as a state of incorporation trump that the only physical presence by the parties in either district is SEA in this district. *See, e.g.*, *Comcast Cable Commc'ns, LLC v. British Telecomms. PLC*, No. 3:12-cv-1712, 2012 WL 6625359, at *5 (N.D. Tex. Dec. 20, 2012) (finding that local interest factor weighs against transfer because even though multiple parties were Delaware corporations, none had an office in Delaware, while one had a physical presence in the district). Thus, the public interest factors also weigh against transfer.



And with respect to SAS, under Rule 45(c)(1)(B), this Court does have subpoena power to compel SAS's witnesses to come to trial. Finally, Samsung is incorrect that the case has just begun; each side has already produced thousands of pages and the case is well underway. (Resp. at 12.) On balance, the private interest factors weigh against transfer, and certainly do not establish that it would be clearly more convenient to litigate in Delaware.

III.     **CONCLUSION**

For the foregoing reasons, Samsung's motion should be denied.

RESTRICTED—ATTORNEYS' EYES ONLY

Respectfully submitted,

Dated: March 2, 2018

*s/ Lawrence J. Gotts w/permission Claire Henry*
Lawrence J. Gotts
DC Bar No. 417219
Matthew J. Moore
DC Bar No. 453773
LATHAM & WATKINS LLP
555 Eleventh Street, NW Suite 1000
Washington, DC 20004-1304
Tel.: (202) 637-2200
Fax: (202) 637-2201
Lawrence.Gotts@lw.com
Matthew.Moore@lw.com

Clement J. Naples
New York Bar No. 4217717
LATHAM & WATKINS LLP
885 Third Avenue
New York, NY 10022-4834
Tel.: (212) 906-1200
Fax: (212) 751-4864
Clement.Naples@lw.com

Joseph H. Lee
California Bar No. 248046
LATHAM & WATKINS LLP
650 Town Center Drive, 20th Floor
Costa Mesa, CA  92626-1925
Tel: 714-540-1235
Fax: 714-755-8290
Joseph.Lee@lw.com

Amit Makker
California Bar No. 280747
Brian W. Lewis
California Bar No. 290727
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Tel: 415-391-0600
Fax: 415-395-8095
Amit.Makker@lw.com
Brian.W.Lewis@lw.com

RESTRICTED—ATTORNEYS' EYES ONLY

RESTRICTED—ATTORNEYS' EYES ONLY

T. John Ward
Texas State Bar No. 20848000
Claire Abernathy Henry
Texas State Bar No. 24053063
Andrea Fair
Texas State Bar No. 24078488
WARD, SMITH & HILL, PLLC
PO Box 1231
Longview, Texas 75606-1231
(903) 757-6400 (telephone)
(903) 757-2323 (facsimile)
tjw@wsfirm.com
claire@wsfirm.com
andrea@wsfirm.com

***Attorneys for Plaintiff Tessera Advanced
Technologies, Inc.***

7

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  Therefore, this document was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email on this the 2nd day of March, 2018.

*/s/ Claire Henry*
Claire Henry

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

This is to certify that the above document should be filed under seal because it contains material designated by the parties as confidential pursuant to the Stipulated Protective Order entered in this case (Dkt. 56).

*/s/ Claire Henry*
Claire Henry

RESTRICTED—ATTORNEYS' EYES ONLY