**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| TESSERA ADVANCED TECHNOLOGIES, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC., <br><br> *Defendants*. | Case No. 2:17-cv-00671-JRG <br><br> **JURY TRIAL DEMANDED** |

**SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA,**
**INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S**
**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Defendants Samsung Electronics Company, Ltd. ("SEC") and Samsung Electronics America, Inc. ("SEA") (collectively, "Samsung"), by and through the undersigned attorneys, for their Answer and Affirmative Defenses to the First Amended Complaint for Patent Infringement filed on February 20, 2018 ("FAC") by Plaintiff Tessera Advanced Technologies, Inc. ("Plaintiff"), admit and deny as follows. Except as hereinafter specifically admitted, qualified, or affirmatively alleged, Samsung denies each and every allegation, matter, or thing contained in the FAC and states in response to each of the numbered paragraphs of said FAC as follows:

**NATURE OF THE ACTION**

1.      Samsung admits that Plaintiff's FAC states that this is a civil action for alleged infringement of U.S. Patent Nos. 6,512,298 ("the '298 Patent") and 6,852,616 ("the '616 Patent") (collectively, the "Asserted Patents"). Except as expressly admitted, Samsung denies

each and every allegation in Paragraph 1, and specifically denies that it has committed or is committing any act of patent infringement.

## THE PARTIES

2.      Samsung is without information sufficient to form a belief as to the truth of the allegations of Paragraph 2, and on that basis Samsung denies them.

3.      Samsung admits that SEC is a corporation organized under the laws of the Republic of Korea with its principal place of business at 129, Samsung-ro, Yeongtong-gu, Suwon-si, Gyeonggi-do, 443-742, Republic of Korea.

4.      Samsung admits that SEA is a wholly-owned subsidiary of SEC and is incorporated under the laws of New York with its principal place of business at 85 Challenger Road, Ridgefield Park, New Jersey 07660.  Samsung admits that SEA maintains a registered agent called The Corporation Trust Company, located at 111 Eighth Avenue, New York, New York 10011.

5.       Samsung admits that SEC and SEA are related entities in that SEA is a wholly owned subsidiary of SEC.  Except as expressly admitted, Samsung denies each and every allegation in Paragraph 5, and Samsung specifically denies that it has committed or is committing any act of patent infringement.

## JURISDICTION AND VENUE

6.      Samsung admits that this Court has subject matter jurisdiction over Plaintiff's claims made pursuant to 28 U.S.C. §§ 1331 and 1338(a).  Except as expressly admitted, Samsung denies each and every allegation in Paragraph 6, and Samsung specifically denies that it has committed or is committing any act of patent infringement.

7.      Samsung admits, for purposes of this action only, that this Court has specific personal jurisdiction over Samsung.  Except as expressly admitted, Samsung denies each and every allegation in Paragraph 7, and Samsung specifically denies that it has committed or is committing any act of patent infringement.

8.      Samsung admits, for purposes of this action only, that venue in this Court is proper as to SEC, although Samsung denies that the Eastern District of Texas is a convenient forum under, among others, the doctrine of *forum non conveniens*.  *See* Dkt. 36 (Samsung's Motion to Transfer).  Except as expressly admitted, Samsung denies each and every allegation in Paragraph 8.

9.      Samsung admits, for purposes of this action only, that venue in this Court is proper as to SEA, although denies that the Eastern District of Texas is a convenient forum under, among others, the doctrine of *forum non conveniens*.  *See* Dkt. 36 (Samsung's Motion to Transfer).  Samsung admits that SEA has an office located at 1301 East Lookout Drive, Richardson, Texas 75082, and that said office is located in Collin County.  SEA admits that it employs full-time personnel, including engineers and senior managers, in that office.  Except as expressly admitted, Samsung denies each and every allegation in Paragraph 9, and Samsung specifically denies that it has committed or is committing any act of patent infringement.

## THE ASSERTED PATENTS

10.      Samsung admits that the '298 Patent bears the title of "Semiconductor Device And Method For Producing The Same," states that it issued on January 28, 2003, and lists on its face the alleged inventors Ryuichi Sahara, Kazumi Watase, Takahiro Kumakawa, Kazuyuki Kainoh, and Nozomi Shimoishizaka.  Samsung is without information sufficient to form a belief

as to the truth of the remaining allegations of Paragraph 10, and on that basis Samsung denies them.

11.     Samsung admits that the '616 Patent bears the title of "Semiconductor Device And Method For Producing The Same," states that it issued on February 8, 2005, and lists on its face the alleged inventors Ryuichi Sahara, Kazumi Watase, Takahiro Kumakawa, Kazuyuki Kainoh, and Nozomi Shimoishizaka.  Samsung is without information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 11, and on that basis Samsung denies them.

## CLAIMS FOR ALLEGED PATENT INFRINGEMENT

12.     Paragraph 12's statements are not allegations, and accordingly Samsung is not required to provide responses.  To the extent that Paragraph 12's statements are considered factual allegations, Samsung is without information sufficient to form a belief as to the truth of those allegations, and on that basis Samsung denies them.

13.     Samsung admits that Plaintiff purports to identify accused products in Paragraph 13.  Except as expressly admitted, Samsung denies each and every allegation set forth in Paragraph 13, and Samsung specifically denies that it has committed or is committing any act of patent infringement.

## COUNT I
## ALLEGED INFRINGEMENT OF THE '298 PATENT

14.     Samsung incorporates by reference its responses to Plaintiff's allegations in Paragraphs 1 through 13 as if specifically set forth herein.  Except as expressly admitted, Samsung denies each and every allegation in Paragraph 14.

15.     Samsung denies each and every allegation set forth in Paragraph 15, and Samsung specifically denies that it has committed or is committing any act of patent infringement.

16.     Samsung admits that Claim 1 of the '298 Patent recites a "semiconductor device" and "a semiconductor substrate provided with at least one semiconductor element" and that the accused Samsung end consumer products, including the Samsung Galaxy S6, S7, S8, Note 5, Note 8, and Tab S3, include certain semiconductor chips.  Except as expressly admitted, Samsung denies each and every allegation set forth in Paragraph 16, and Samsung specifically denies that it has committed or is committing any act of patent infringement.

17.     Samsung admits that Claim 1 of the '298 Patent recites "a first element electrode and a second element electrode formed on the semiconductor substrate and connected electrically to the semiconductor element" and that the accused Samsung end consumer products, including the Samsung Galaxy S6, S7, S8, Note 5, Note 8, and Tab S3, include certain semiconductor chips.  Except as expressly admitted, Samsung denies each and every allegation set forth in Paragraph 17, and Samsung specifically denies that it has committed or is committing any act of patent infringement.

18.     Samsung admits that Claim 1 of the '298 Patent recites "an insulating film formed so as to cover the first element electrode and the second element electrode" and that the accused Samsung end consumer products, including the Samsung Galaxy S6, S7, S8, Note 5, Note 8, and Tab S3, include certain semiconductor chips.  Except as expressly admitted, Samsung denies each and every allegation set forth in Paragraph 18, and Samsung specifically denies that it has committed or is committing any act of patent infringement.

19.     Samsung admits that Claim 1 of the '298 Patent recites "a first opening formed on the insulating film and exposing at least one portion of the first element electrode" and that the accused Samsung end consumer products, including the Samsung Galaxy S6, S7, S8, Note 5, Note 8, and Tab S3, include certain semiconductor chips.  Except as expressly admitted,

Samsung denies each and every allegation set forth in Paragraph 19, and Samsung specifically denies that it has committed or is committing any act of patent infringement.

20.     Samsung admits that Claim 1 of the '298 Patent recites "a second opening formed on the insulating film and exposing at least one portion of the second element electrode" and that the accused Samsung end consumer products, including the Samsung Galaxy S6, S7, S8, Note 5, Note 8, and Tab S3, include certain semiconductor chips.  Except as expressly admitted, Samsung denies each and every allegation set forth in Paragraph 20, and specifically denies that it has committed or is committing any act of patent infringement.

21.     Samsung admits that Claim 1 of the '298 Patent recites "a first external electrode formed immediately above the first element electrode and connected to the first element electrode via the first opening" and that the accused Samsung end consumer products, including the Samsung Galaxy S6, S7, S8, Note 5, Note 8, and Tab S3, include certain semiconductor chips.  Except as expressly admitted, Samsung denies each and every allegation set forth in Paragraph 21, and specifically denies that it has committed or is committing any act of patent infringement.

22.     Samsung admits that Claim 1 of the '298 Patent recites "a second external electrode formed on the insulating film" and that the accused Samsung end consumer products, including the Samsung Galaxy S6, S7, S8, Note 5, Note 8, and Tab S3, include certain semiconductor chips.  Except as expressly admitted, Samsung denies each and every allegation set forth in Paragraph 22, and specifically denies that it has committed or is committing any act of patent infringement.

23.     Samsung admits that Claim 1 of the '298 Patent recites "a connecting wire formed on the insulating film and having one end connected to the second element electrode via the

second opening and the other end connected to the second external electrode" and that the accused Samsung end consumer products, including the Samsung Galaxy S6, S7, S8, Note 5, Note 8, and Tab S3, include certain semiconductor chips.  Except as expressly admitted, Samsung denies each and every allegation set forth in Paragraph 23, and specifically denies that it has committed or is committing any act of patent infringement.

24.     Samsung denies each and every allegation set forth in Paragraph 24.  Samsung specifically denies that it has committed or is committing any act of patent infringement or that it knew, that it should have known that Samsung or customers, distributors, or purchasers of the accused products are infringing the '298 Patent, or that Plaintiff disclosed the existence of the '298 Patent or allegedly infringing activities to Samsung in a form that is admissible into evidence or that can be used without breaching a confidentiality obligation that applies to the parties.

25.     Samsung denies each and every allegation set forth in Paragraph 25, and Samsung specifically denies that it has committed or is committing any act of patent infringement.  In addition, through prior agreements, Plaintiff has waived in whole or in part its right to seek enhanced damages for willful infringement.

26.     Samsung denies each and every allegation set forth in Paragraph 26, and Samsung specifically denies that it has committed or is committing any act of patent infringement.

27.     Samsung denies each and every allegation set forth in Paragraph 27, and Samsung specifically denies that it has committed or is committing any act of patent infringement.

## COUNT II
## ALLEGED INFRINGEMENT OF THE '616 PATENT

28.     Samsung incorporates by reference its responses to Plaintiff's allegations in
Paragraphs 1 through 27 as if specifically set forth herein.  Except as expressly admitted,
Samsung denies each and every allegation in Paragraph 28.

29.     Samsung denies each and every allegation set forth in Paragraph 29, and Samsung
specifically denies that it has committed or is committing any act of patent infringement.

30.     Samsung admits that Claim 1 of the '616 Patent recites "[a] method for producing
a semiconductor device" and "a first step of forming on a semiconductor substrate on which at
least one semiconductor element is provided a first element electrode and a second element
electrode electrically connected to the semiconductor element" and that the accused Samsung
end consumer products, including the Samsung Galaxy S6, S7, S8, Note 5, Note 8, and Tab S3,
include certain semiconductor chips.  Except as expressly admitted, Samsung denies each and
every allegation set forth in Paragraph 30, and Samsung specifically denies that it has committed
or is committing any act of patent infringement.

31.     Samsung admits that Claim 1 of the '616 Patent recites "a second step of forming
an insulating film so as to cover the first element electrode and the second element electrode"
and that the accused Samsung end consumer products, including the Samsung Galaxy S6, S7, S8,
Note 5, Note 8, and Tab S3, include certain semiconductor chips.  Except as expressly admitted,
Samsung denies each and every allegation set forth in Paragraph 31, and Samsung specifically
denies that it has committed or is committing any act of patent infringement.

32.     Samsung admits that Claim 1 of the '616 Patent recites "a third step of forming a
first opening for exposing at least one portion of the first element electrode and a second opening
for exposing at least one portion of the second element electrode by selectively removing the

insulating film" and that the accused Samsung end consumer products, including the Samsung

Galaxy S6, S7, S8, Note 5, Note 8, and Tab S3, include certain semiconductor chips.  Except as

expressly admitted, Samsung denies each and every allegation set forth in Paragraph 32, and

Samsung specifically denies that it has committed or is committing any act of patent

infringement.

  33. Samsung admits that Claim 1 of the '616 Patent recites "a fourth step of forming

first substantially continuous, thin conductive film on the insulating film and within the first and

second openings" and that the accused Samsung end consumer products, including the Samsung

Galaxy S6, S7, S8, Note 5, Note 8, and Tab S3, include certain semiconductor chips.  Except as

expressly admitted, Samsung denies each and every allegation set forth in Paragraph 33, and

Samsung specifically denies that it has committed or is committing any act of patent

infringement.

  34. Samsung admits that Claim 1 of the '616 Patent recites "a fifth step of forming a

second, thick conductive film selectively on the first, thin conductive film so as to fill up the first

opening and the second opening and extend over portions of the first, thin conductive film

between the first and second openings" and that the accused Samsung end consumer products,

including the Samsung Galaxy S6, S7, S8, Note 5, Note 8, and Tab S3, include certain

semiconductor chips.  Except as expressly admitted, Samsung denies each and every allegation

set forth in Paragraph 34, and Samsung specifically denies that it has committed or is committing

any act of patent infringement.

  35. Samsung admits that Claim 1 of the '616 Patent recites "a sixth step of patterning

the first and second conductive films by removing only an upper portion of the selectively

formed second, thick conductive film and portions of the first, thin conductive film uncovered by

the second, thick conductive film, thereby forming a first external electrode connected to the first

element electrode via the first opening immediately above the first element electrode, forming a

second external electrode and forming a connecting wire having one end connected to the second

element electrode via the second opening and the another end connected to the second external

electrode on the insulating film" and that the accused Samsung end consumer products, including

the Samsung Galaxy S6, S7, S8, Note 5, Note 8, and Tab S3, include certain semiconductor

chips.  Except as expressly admitted, Samsung denies each and every allegation set forth in

Paragraph 35, and Samsung specifically denies that it has committed or is committing any act of

patent infringement.

36.     Samsung denies each and every allegation set forth in Paragraph 36, and Samsung

specifically denies that it has committed or is committing any act of patent infringement.

37.     Samsung denies each and every allegation set forth in Paragraph 37.  Samsung

specifically denies that it has committed or is committing any act of patent infringement or that it

knew, that it should have known that Samsung or customers, distributors, or purchasers of the

accused products are infringing the '616 Patent, or that Plaintiff disclosed the existence of the

'616 Patent or allegedly infringing activities to Samsung in a form that is admissible into

evidence or that can be used without breaching a confidentiality obligation that applies to the

parties.

38.     Samsung denies each and every allegation set forth in Paragraph 38, and Samsung

specifically denies that it has committed or is committing any act of patent infringement.  In

addition, through prior agreements, Plaintiff has waived in whole or in part its right to seek

enhanced damages for willful infringement.

39.     Samsung denies each and every allegation set forth in Paragraph 39, and specifically denies that it has committed or is committing any act of patent infringement.

40.     Samsung denies each and every allegation set forth in Paragraph 40, and Samsung specifically denies that it has committed or is committing any act of patent infringement.

## JURY DEMAND

41.     To the extent a response is required, Samsung admits that Plaintiff's FAC contains a request for a jury trial.


## PRAYER FOR RELIEF

42.     To the extent a response is required, Samsung denies that Plaintiff is entitled to any of its requested relief.  Samsung specifically denies that it, directly or indirectly, literally or under the doctrine of equivalents, has infringed or is infringing any of the Asserted Patents; specifically denies that Plaintiff is entitled to any award of damages, compensatory or otherwise; specifically denies that it has willfully infringed any of the Asserted Patents; specifically denies that Plaintiff is entitled to attorneys' fees; specifically denies that Plaintiff is entitled to pre-judgment interest; specifically denies that Plaintiff is entitled to post-judgment interest; specifically denies that Plaintiff is entitled to an accounting and/or supplemental damages; specifically denies that Plaintiff is entitled to costs and expenses; and specifically denies that Plaintiff is entitled to any other relief in this action.

## GENERAL DENIAL

43.     To the extent that any allegations of the FAC are not specifically admitted, Samsung hereby denies them.

## AFFIRMATIVE DEFENSES

44.     Without admitting or acknowledging that Samsung bears the burden of proof as to any of them and reserving the right to amend its answer as additional information becomes available, Samsung pleads the following defenses:

## FIRST DEFENSE

45.     Samsung has not engaged in any acts that would constitute direct or indirect infringement of any valid claim of the Asserted Patents, either literally or under the doctrine of equivalents, willfully or otherwise.

## SECOND DEFENSE

46.     The claims of each of the Asserted Patents are invalid for failure to satisfy the conditions of patentability set forth in 35 U.S.C. §§ 101 *et seq.*, including at least sections 101, 102, 103, 112, and 116.

## THIRD DEFENSE

47.     Plaintiff is barred or limited from recovery in whole or in part by the doctrine of prosecution history estoppel.

## FOURTH DEFENSE

48.     Plaintiff is barred or limited from recovery in whole or in part by the doctrines of estoppel, waiver, acquiescence, patent misuse, and/or unclean hands.

## FIFTH DEFENSE

49.     Plaintiff's right to seek damages are limited by statute because it may not recover money damages for any alleged infringement committed more than six years prior to the filing of its Complaint under of 35 U.S.C. § 286.

**SIXTH DEFENSE**

50.     Plaintiff's claims for relief are barred or limited under the doctrines of exhaustion, first sale, implied license, full compensation, or restrictions against double recovery.

**SEVENTH DEFENSE**

51.     Plaintiff's claims of infringement by Samsung are barred or limited because Plaintiff's predecessor-in-interest has granted Samsung an express license that covers the Asserted Patents and accused products.

**EIGHTH DEFENSE**

52.     To the extent that Plaintiff's claims are directed to acts occurring outside the United States, those claims for relief are barred or limited by the doctrine of territoriality by 35 U.S.C. § 271 et seq., including but not limited to § 271(a) and (c).

**NINTH DEFENSE**

53.     Plaintiff is not entitled to recover attorneys' fees associated with this action under 35 U.S.C. § 285 or costs associated with this action under 35 U.S.C. § 288.

**TENTH DEFENSE**

54.     Plaintiff's claims are barred in whole or in part from recovering damages by a failure by the owner and/or licensee of the Asserted Patents to mark relevant products as required by 35 U.S.C. § 287.

**ELEVENTH DEFENSE**

55.     To the extent that Plaintiff lacks all substantive rights to bring suit and to exclude others from practicing the claims of any Asserted Patents, Plaintiff's claims are barred by a lack of standing.

## TWELFTH DEFENSE

56.     Plaintiff has failed to state a claim upon which relief can be granted.

## THIRTEENTH DEFENSE

57.     To the extent that the alleged invention has been used or manufactured by or for the United States, the claims for relief are barred or limited by 28 U.S.C § 1498.

## FOURTEENTH DEFENSE

58.     Plaintiff is not entitled to seek enhanced damages or attorneys' fees for willful infringement, including because through prior agreements, Plaintiff has waived in whole or in part its right to seek enhanced damages for willful infringement.

## RESERVATION OF ADDITIONAL DEFENSES

59.     Samsung reserves the right to assert additional defenses that may be developed through discovery in this action.

## SAMSUNG'S PRAYER FOR RELIEF

60.     Having answered Plaintiff's FAC and having asserted affirmative defenses, Samsung respectfully seeks the following relief:

   a.   A judgment that Samsung has not infringed any of the Asserted Patents;

   b.   A judgment that the Asserted Patents are invalid and/or unenforceable against Samsung;

   c.   A judgment declaring this case exceptional under 35 U.S.C. § 285 and awarding Samsung its attorneys' fees and prejudgment interest, and an award to Samsung of all of their costs of this action; and

   d.   Such other relief as the Court shall deem just and proper.

## SAMSUNG'S DEMAND FOR A JURY TRIAL

61.     Samsung hereby demands a jury trial on all issues so triable.

Dated:  March 6, 2018

Respectfully submitted,

*/s/ Ryan K. Yagura*

Mark A. Samuels (Cal. Bar. No. 107026)
msamuels@omm.com
Ryan K. Yagura (Tex. Bar No. 24075933)
ryagura@omm.com
Brian M. Berliner (Cal. Bar No. 156732)
bberliner@omm.com
Nicholas J. Whilt (Cal. Bar No. 247738)
nwhilt@omm.com
**O'MELVENY & MYERS LLP**
400 S. Hope Street
Los Angeles, CA 90071
Telephone: 213-430-6000
Facsimile: 213-430-6407

John Kappos (Cal. Bar No. 171977)
jkappos@omm.com
**O'MELVENY & MYERS LLP**
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
Telephone: 949-823-6900
Facsimile: 949-923-6994

D. Sean Trainor (D.C. Bar No. 463514)
dstrainor@omm.com
**O'MELVENY & MYERS LLP**
1625 Eye Street NW
Washington, DC 20037
Telephone: 202-383-5300
Facsimile: 202-383-5414

Melissa R. Smith
melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, TX 75670
Telephone: 903-934-8450
Facsimile: 903-934-9257

*Attorneys for Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on March 6, 2018.  Any other counsel of record will be served by facsimile transmission, e-mail and/or first class mail.

*/s/ Melissa R. Smith*
Melissa R. Smith
