# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **TESSERA ADVANCED TECHNOLOGIES, INC.,** | |
| **Plaintiff,** | Civil Action No. 2:17-cv-671-JRG |
| vs. | **FILED UNDER SEAL** |
| **SAMSUNG ELECTRONICS CO., LTD.** and **SAMSUNG ELECTRONICS AMERICA, INC.,** | **JURY TRIAL DEMANDED** |
| **Defendants.** | |

**PLAINTIFF'S SUR-REPLY IN OPPOSITION TO DEFENDANTS' REPLY REGARDING DEFENDANTS' MOTION TO STAY PENDING ARBITRATION**

RESTRICTED – ATTORNEYS' EYES ONLY

## I.  INTRODUCTION

Samsung's Reply confirms that Tessera is not subject to the arbitration clause and cannot be compelled to arbitrate. Samsung does not dispute that Tessera is not a signatory to the Samsung/Panasonic Cross-License, or that the Cross-License has not been assigned to Tessera. As a result, this Court should decide any disputes between Samsung and Tessera.

Samsung's primary argument in Reply is that the Samsung/Panasonic Cross-License should have required the obligation to arbitrate to run with the patents, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ But that argument is irrelevant to its motion to stay, because Samsung concedes that Tessera is not obligated to arbitrate. (Reply at 1.) Simply stating that arbitration obligations *should have been* transferred is not a reason to stay a district court action, if the arbitration obligations *were not* transferred. Regardless, Samsung is wrong that the arbitration clause was required to transfer with the patents because ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ This is consistent with the binding precedent of the Federal Circuit in *Datatreasury*, which holds that arbitration clauses do not run with patent assignments.

A stay is also inappropriate in view of Samsung's proposed arbitration with Panasonic, in which Tessera would not even participate. (Reply at 1.) That proposed arbitration would not resolve any issues in this litigation because any result from that arbitration would not be binding on Tessera or this Court. Nor would Panasonic have any motivation to participate in the arbitration because it no longer has any interest in the patents-in-suit.

Moreover, Samsung has plainly waived its right to seek to stay this action based on an arbitration proceeding. Samsung's only excuse for not raising arbitration earlier is that it was

performing "internal technical analysis." (Reply at 5.) But this claim (supported by no evidence or declarations) ignores that Samsung affirmatively submitted the license defense to this Court (and other courts) for adjudication months ago, and then proceeded to litigate for nearly half a year before even mentioning the issue. Samsung did not raise any "arbitration" or "lack of standing" defense in its Answer to preserve for later while it conducted its alleged internal analysis.

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████

## II.     IT IS FOR THE COURT TO DETERMINE WHETHER TESSERA IS BOUND BY THE ARBITRATION CLAUSE

Samsung now admits that "this Court is tasked with deciding if Tessera is bound by the Agreement." (Reply at 1 n.2.)

## III.    SAMSUNG'S MOTION SHOULD BE DENIED

### A.     Tessera Is Not Bound By The Arbitration Clause

Samsung's primary argument is that ███████████████████████████████████

███████████████████████████████████████████████

This argument fails for two, independent reasons. First, Samsung concedes that Tessera is not a signatory or assignee to the Samsung/Panasonic Cross-License. (*Id*. at 1.) Thus, Tessera cannot be required to arbitrate any issues because it never contractually agreed to arbitrate. (Tessera Opp. at 5-6.) And Samsung does not make any effort to distinguish Tessera's cited cases on this point. (*See generally* Reply.) Accordingly, Samsung's primary argument the arbitration clause *should have* transferred is irrelevant to Samsung's motion to stay these proceedings, because Samsung

concedes that whatever it believes should have happened, Tessera is not obligated to arbitrate. (*Id.* at 1.) This is reason alone to deny Samsung's motion to stay.

Second, and regardless, it was not required for the arbitration clause to transfer with the assignment of individual patents. █████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███  ███████████████████  █████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████[1] ███████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

---

[1] Samsung's Reply also ignores the wealth of authority demonstrating that Courts in this Circuit routinely characterize the duty to arbitrate as an "obligation" and not a "right." *See, e.g., Oil, Chem. & Atomic Workers Int'l Union Local No. 4-23 v. Am. Petrofina Co.*, 586 F.Supp. 643, 646 (E.D. Tex. 1984) ("[T]he obligation to arbitrate a dispute is totally a creature of contract between the parties."); *PDG Chem., Inc. v. Oil, Chem. & Atomic Workers Int'l Union*, 164 F. Supp. 2d 856, 860 (E.D. Tex. 2011) ("The obligation to arbitrate a dispute is a matter of contract … ."); *Constr. Aggregates, Inc. v. Senior Commodity Co.*, 1995 U.S. App. LEXIS 43604 at *4 (5th Cir. Feb. 14, 1995) ("There is simply no conduct by the parties that would indicate that they intended their silence to create an obligation to arbitrate.")

██████████████████████████████████████████████████

██████████████████████████████████████████████████

The Federal Circuit's controlling decision in *Datatreasury* confirms that obligations to arbitrate do not run with assignment of individual patents. *Datatreasury Corp. v. Wells Fargo & Co.*, 522 F.3d 1368, 1372-73 (Fed. Cir. 2008); Tessera Opp. at 9-11. Samsung attempts to distinguish *Datatreasury* by claiming that ████████████████████████████████████ ████████████████████████████████████████████ (Reply at 3.) That is false. The Federal Circuit directly quotes the "Successorship Clause" from the agreement at issue, which recites that the agreement "shall be binding upon and inure to the benefits of the Parties and their respective successors." *Datatreasury*, 522 F.3d at 1370. *Datatreasury* was thus decided in the context very much like the one at issue here. *Datatreasury* remains on point and unrebutted by Samsung's Reply.

Moreover, Samsung's Reply ignores entirely the conduct of all of the parties involved, which is consistent with the ████████████████████████████████████. Samsung offers no response to declarations from both Tessera and its Pannova that neither intended to be bound by an arbitration clause, and that Panasonic never suggested that an arbitration provision existed. Thus, all the parol evidence (i) is undisputed, and (ii) supports Tessera's interpretation.

   **B. Samsung Waived Its Right To Defer This Case In Favor Of Arbitration**

Samsung suggests that there has been no finding of waiver in some cases that were pending longer than this one. (*See* Reply at 5.) But the question before the Court is not how many months have passed since the filing of the complaint. Rather, it is whether Samsung "substantially invoke[d] the judicial process to the detriment or prejudice of the other party." *Walker v. J.C. Bradford & Co.*, 938 F.2d 575, 577 (5th Cir. 1991).

Samsung makes no attempt to rebut Tessera's showing that Samsung has substantially invoked the judicial process to its benefit prior to filing its motion. (*See* Tessera Opp. at 4-5, 12-13.) There is no dispute that Samsung pled an affirmative license defense to be adjudicated by this Court, putting that issue for resolution to this Court; that it filed and fully briefed its motion to transfer venue, thereby conceding that judicial (not arbitral) resolution is appropriate; that it acquired the details supporting Tessera's infringement case; and that it simultaneously initiated *inter partes* review at the Patent Trial and Appeal Board, all before ever suggesting the claims should be arbitrated. Samsung fails to even rebut the fact that Samsung has substantially invoked judicial process to Tessera's prejudice, and therefore has waived any alleged ability to arbitrate.

**C.   A Stay Would Not Resolve All Issues Pending In This Litigation**



*See Adams v. Georgia Gulf Corp.*, 237 F.3d 538, 540-41 (5th Cir. 2001) (no stay appropriate unless the issues are identical).

Samsung's Reply identifies four additional cases that it claims support a mandatory stay. (Reply at 4.) None of those cases justifies denying Tessera the right to have its claims decided in this Court. In each one of those cases, the party seeking a stay was the nonsignatory. Here, nonsignatory Tessera opposes Samsung's motion to stay. Samsung has not identified any cases in which litigation initiated by a nonsignatory was stayed pending arbitration over objection of the nonsignatory.

5
RESTRICTED – ATTORNEYS' EYES ONLY

                                                Respectfully submitted,

Dated: March 22, 2018                     s/ Lawrence J. Gotts w/permission Claire Henry

                                                Lawrence J. Gotts
                                                DC Bar No. 417219
                                                Matthew J. Moore
                                                DC Bar No. 453773
                                                LATHAM & WATKINS LLP
                                                555 Eleventh Street, NW Suite 1000
                                                Washington, DC 20004-1304
                                                Tel.: (202) 637-2200
                                                Fax: (202) 637-2201
                                                Lawrence.Gotts@lw.com
                                                Matthew.Moore@lw.com

                                                Clement J. Naples
                                                New York Bar No. 4217717
                                                LATHAM & WATKINS LLP
                                                885 Third Avenue
                                                New York, NY 10022-4834
                                                Tel.: (212) 906-1200
                                                Fax: (212) 751-4864
                                                Clement.Naples@lw.com

                                                Joseph H. Lee
                                                California Bar No. 248046
                                                LATHAM & WATKINS LLP
                                                650 Town Center Drive, 20th Floor
                                                Costa Mesa, CA  92626-1925
                                                Tel: 714-540-1235
                                                Fax: 714-755-8290
                                                Joseph.Lee@lw.com

                                                Amit Makker
                                                California Bar No. 280747
                                                Brian W. Lewis
                                                California Bar No. 290727
                                                LATHAM & WATKINS LLP
                                                505 Montgomery Street, Suite 2000
                                                San Francisco, CA 94111
                                                Tel: 415-391-0600
                                                Fax: 415-395-8095
                                                Amit.Makker@lw.com
                                                Brian.W.Lewis@lw.com

        T. John Ward
Texas State Bar No. 20848000
Claire Abernathy Henry
Texas State Bar No. 24053063
Andrea Fair
Texas State Bar No. 24078488
WARD, SMITH & HILL, PLLC
PO Box 1231
Longview, Texas 75606-1231
(903) 757-6400 (telephone)
(903) 757-2323 (facsimile)
tjw@wsfirm.com
claire@wsfirm.com
andrea@wsfirm.com

***Attorneys for Plaintiff Tessera Advanced Technologies, Inc.***

RESTRICTED – ATTORNEYS' EYES ONLY

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Therefore, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email on this the 22nd day of March, 2018.

*/s/ Claire Henry*
Claire Henry

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

This is to certify that the above document should be filed under seal because it contains material designated by the parties as confidential pursuant to the Stipulated Protective Order entered in this case (Dkt. 56).

*/s/ Claire Henry*
Claire Henry