**REDACTED / PUBLIC VERSION**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | |
|---|---|
| **TESSERA ADVANCED TECHNOLOGIES, INC.,** | |
| **Plaintiff,** | Civil Action No. 2:17-cv-671-JRG |
| **vs.** | ████████████████████ |
| **SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC.,** | ████████████████████ |
| **Defendants.** | **JURY TRIAL DEMANDED** |

## DEFENDANTS' MOTION TO DISMISS FOR LACK OF STANDING

██████████████████████████████████████████

## TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ...................................................................................................1

II.  STATEMENT OF ISSUES .....................................................................................2

III.  STATEMENT OF FACTS ......................................................................................3

IV.  THIS CASE SHOULD BE DISMISSED FOR LACK OF STANDING............................7

    A.  Legal Standard ................................................................................................7

    B.  Any Assignment to Tessera of the Asserted Patents Without Binding Tessera to Honor Samsung's Rights Is Null and Void ..............................................8

    C.  ███████████████████████████████████████████...........9

        1.  ████████████████████████████.......................10

        2.  ████████████████████████ .......................................12

    D.  The Transfer to Tessera Is Void If, As Tessera Now Argues, Tessera Was Bound (and/or Tessera's Predecessor Was Bound) to Honor the Agreement ......................................................................................................13

V.  CONCLUSION......................................................................................................21

**REDACTED / PUBLIC VERSION**

███████████████████████████

## TABLE OF AUTHORITIES

Page

<u>**CASES**</u>

*Allhusen v. Caristo Const. Corp.*,
  303 N.Y. 446, 103 N.E.2d 891 (1952) .................................................................... 17

*Au New Haven, LLC v. YKK Corp.*,
  210 F. Supp. 3d 549 (S.D.N.Y. 2016) ..................................................................... 16

*Bd. of Trs. of Leland Stanford Junior Univ. v. Roche Molecular Sys., Inc.*,
  583 F.3d 832 (Fed. Cir. 2009), *aff'd*, 563 U.S. 776 (2011) .................................... 8

*Benton v. U.S.*,
  960 F.2d 19 (5th Cir. 1992) ....................................................................................... 7

*Bhandari v. Cadence Design Sys., Inc.*,
  485 F. Supp. 2d 747 (E.D. Tex. 2007) .................................................................. 8, 9

*C.U. Annuity Serv. Corp. v. Young*,
  281 A.D.2d 292 (2001) ....................................................................................... 16, 17

*Certain Wafer-Level Packaging Semiconductor Devices and Products Containing Same*,
  Inv. No. 337-TA-1080, EDIS Doc. ID. 640164 (Mar. 27, 2018) ............................ 7

*Cusimano v. Berita Realty, LLC*,
  103 A.D.3d 720 (2013) ............................................................................................ 18

*Datatreasury Corp. v. Wells Fargo & Co.*,
  522 F.3d 1368 (Fed. Cir. 2008) ............................................................................... 19

*Dean Witter Reynolds, Inc. v. Byrd*,
  470 U.S. 213 (1985) ................................................................................................. 18

*Fein v. Gen. Elec. Co.*,
  40 A.D.3d 807 (2007) .............................................................................................. 18

*Gary Friedman, P.C. v. O'Neill*,
  115 A.D.3d 792 (2014) ............................................................................................ 18

*Hardie v. United States*,
  19 F. App'x 899 (Fed. Cir. 2001) ........................................................................... 18

*Home Builders Ass'n of Miss., Inc. v. City of Madison*,
  143 F.3d 1006 (5th Cir. 1998) .................................................................................. 7

**TABLE OF AUTHORITIES**
(continued)

Page

*In re Cybernetic Servs., Inc.,*
252 F.3d 1039 (9th Cir. 2001) ........................................................................... 19

*In re Stralem,*
303 A.D.2d 120 (2003) ....................................................................................... 17

*IP Innovation LLC v. Google, Inc.,*
661 F.Supp.2d 659 (E.D. Tex. 2009) ................................................................... 8

*Lans v. Dig. Equip. Corp.,*
252 F.3d 1320 (Fed. Cir. 2001) ............................................................................ 8

*Les Constructions Beauce-Atlas, Inc. v. Tocci Bldg. Corp. of New York,*
294 A.D.2d 409 (2002) ....................................................................................... 18

*Lujan v. Defenders of Wildlife,*
504 U.S. 555 (1992) .............................................................................................. 8

*McCulloch Orthopaedic Surgical Servs., PLLC v. Aetna Inc.,*
857 F.3d 141 (2d Cir. 2017) ............................................................................... 16

*NRT N.Y., LLC v. Harding,*
131 A.D.3d 952 (N.Y. App. Div. 2015) ........................................................ 12, 14

*Paterson v. Weinberger,*
644 F.2d 521 (5th Cir. 1981) ................................................................................ 8

*Power Lift, Inc. v. Weatherford Nipple-Up Sys., Inc.,*
871 F.2d 1082 (Fed. Cir. 1989) .......................................................................... 12

*PTA-FLA, Inc. v. Huawei Techs. USA, Inc.,*
No. 3:14-CV-01312, 2014 WL 3100458 (D. S.C. July 2, 2014) .......................... 18

*Ramming v. United States,*
281 F.3d 158 (5th Cir. 2001) ................................................................................ 8

*Rhone Poulenc Agro, S.A. v. DeKalb Genetics Corp.,*
284 F.3d 1323 (Fed. Cir. 2002) .......................................................................... 19

*Samsung Elecs. Co., Ltd. v. Matsushita Elec. Indus. Co., Ltd. et al.,*
6:06-cv-00154-LED (E.D. Tex.) ............................................................................ 3

*Sicom Sys., Ltd. v. Agilent Techs., Inc.,*
427 F.3d 971 (Fed. Cir. 2005) .............................................................................. 8

**REDACTED / PUBLIC VERSION**

███████████████████████

## TABLE OF AUTHORITIES
### (continued)

**Page**

*Sillman v. Twentieth Century-Fox Film Corp.*,
   3 N.Y.2d 395 (1957) ................................................................................................ 16

*Singer Asset Fin. Co. v. Bachus*,
   294 A.D.2d 818 (2002) .......................................................................................... 16

*Spinex Labs. Inc. v. Empire Blue Cross & Blue Shield*,
   212 A.D.2d 906 (1995) .......................................................................................... 16

*TAP Holdings, LLC v. Orix Fin. Corp.*,
   45 Misc. 3d 1217(A) (N.Y. Sup. 2014) ................................................................ 17

*Vill. of Hamburg v. Am. Ref-Fuel Co. of Niagara, L.P.*,
   284 A.D.2d 85 (2001) ............................................................................................ 12

## <u>STATUTES</u>

35 U.S.C. § 261 ............................................................................................................. 19

**REDACTED / PUBLIC VERSION**

███████████████████████████████████████████████

## I.  <u>INTRODUCTION</u>

This lawsuit should be dismissed because Tessera lacks standing to bring it.  More than a

decade ago, Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.,

along with other Samsung entities (collectively, "Samsung") settled a patent dispute with

Matsushita Electrical Industrial Co., Ltd. ("MEI"), now Panasonic Corporation ("Panasonic"),

entering into a settlement and license agreement (the "Samsung-MEI Agreement" or

"Agreement").  ███████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████

█████████████████████████████████████████████

█████████████████

Panasonic later entered an agreement with Pannova Semic LLC ("Pannova"), assigning

several patents to Pannova, including the patents asserted here.  Pannova, in turn, later assigned

the asserted patents to Tessera Advanced Technologies, Inc. ("Tessera").  ████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

█████████████████████████████████████████

████████  ████████████████████████████████████

████████████████████████████████████████  Nevertheless,

Tessera sued Samsung asserting patent infringement.

███████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████████████ Samsung

provided Tessera with formal notice on February 7, 2018, that it intended to arbitrate the parties'

disputes regarding Samsung's license and the flaws in assignment of the asserted patents.

Shortly after, on February 22, 2018, Samsung filed a motion to stay this case pending the

arbitration.  *See gen.* D.I. 50, Samsung's Motion to Stay Pending Arbitration ("Stay Motion").

In opposition, Tessera asserted that ***it is not bound*** by the obligations in the Samsung-MEI

Agreement and, therefore, need not respect Samsung's right to arbitrate any dispute arising under

the Samsung-MEI Agreement.  *See, e.g.,* D.I. 63, Tessera's Opposition to Samsung's Motion to

Stay Pending Arbitration ("Tessera Stay Opp.") at 7-9.

If the assignment of the patents asserted in this action is valid, then Tessera is bound to

honor Samsung's right to arbitrate, and Samsung's Stay Motion should be granted.  But if, as

Tessera contends, it was not properly bound to honor Samsung's rights under the MEI-Samsung

Agreement (and/or if Tessera's predecessor Pannova was not bound), then any assignment to

Tessera of the asserted patents is null and void, Tessera lacks standing to assert the patents-in-

suit, and the case should be dismissed.[1]

## II.    STATEMENT OF ISSUES

1.    Whether Tessera lacks standing to assert U.S. Patent Nos. 6,512,298 and

6,852,616 because (a) ██████████████████████████████████████████

████████████████████████████████████████████ (b) the

---

[1] If the Court declines to dismiss for lack of standing, Samsung requests that the Court stay the case pending arbitration, because the arbitration will address whether the patent assignments are valid and whether Samsung is licensed.  *See* D.I. 50, Stay Motion.  Staying the case pending arbitration will preserve Court and party resources by avoiding simultaneous adjudication of the same issues in different fora.

███████████████████████████████████████████████████

successive assignments of the asserted patents to Pannova and Tessera are silent regarding

whether each is bound to honor Samsung's rights; (c) Tessera now denies that it is bound to

honor Samsung's rights under the Agreement; and ████████████████████████████

███████████████████████████████████████████████████████████████████████

████████████████████████

## III.    STATEMENT OF FACTS

In 2005, Samsung Electronics Co., Ltd. sued MEI and Panasonic Corporation of North

America ("PNA") in the Eastern District of Texas, alleging infringement of certain Samsung

semiconductor patents. *Samsung Elecs. Co., Ltd. v. Matsushita Elec. Indus. Co., Ltd. et al.*, No.

6:06-cv-00154 (E.D. Tex.), D.I. 1.  MEI countersued Samsung Electronics America, Inc.,

Samsung Semiconductor, Inc., and Samsung Austin Semiconductor LLC, alleging infringement

of certain MEI semiconductor patents. *Id.*, D.I. 15.  After two and a half years of litigation, the

parties reached a settlement and dismissed all claims with prejudice. *Id.*, D.I. 216, 217.

████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████████████████████████  The patents

Tessera asserts here—U.S. Patent Nos. 6,512,298 and 6,852,616 (the "Asserted Patents")—were

owned by MEI when Samsung and MEI entered into the Samsung-MEI Agreement, and

---

[2] "Ex." refers to Exhibits to the Declaration of Melody Drummond Hansen In Support Of
Defendants' Motion To Dismiss For Lack Of Standing.

**REDACTED / PUBLIC VERSION**



Samsung asserts that it is licensed to the Asserted Patents under the Agreement. *See infra*

§ IV.C.

---

³ All emphasis added in this Motion unless otherwise noted.

**REDACTED / PUBLIC VERSION**



---

[4] In June 2008, Matsushita Electrical Industrial Co., Ltd. changed its name to Panasonic Corporation.  Ex. 2 at 5, MEI 2008 6K.

**REDACTED / PUBLIC VERSION**



Tessera later asserted ████████████████████ (the Asserted Patents) in this lawsuit.  D.I. 1, Complaint (hereinafter, "Compl.").  Tessera also asserted ██████████ ██████████ against Samsung in the International Trade Commission.  Ex. 5, Inv. No. 337-TA-1080, Public Complaint.

On February 7, 2018, Samsung sent a letter to Panasonic, Pannova, and Tessera, providing "formal notice that Samsung will submit the disputes addressed [in the letter] to arbitration if they are not amicably resolved within ninety (90) days."  Ex. 6 at 1, Arbitration Notice.  The disputes addressed in the letter include:



1.

2.

3.

*Id.* at 2.

On February 22, 2018, Samsung filed a motion to stay pending arbitration in this case, because under the Samsung-MEI Agreement, Samsung's license defense must be resolved in arbitration, not in Court.  *See gen.* D.I. 50, Stay Motion.  In its opposition, Tessera asserted that "Tessera is a stranger to the agreement containing the arbitration clause, and is not bound by it." D.I. 63, Tessera Stay Opp. at 1.  On March 27, 2018, Samsung filed a motion to terminate an investigation pending before the U.S. International Trade Commission involving other patents formerly owned by MEI.  Samsung noted that because ████████████████████ ████████████████████████████████████—and in light of Tessera's disavowal of obligations to honor Samsung's rights under the Samsung-MEI Agreement—the patent transfer to Tessera is null and void.[5]  Samsung now likewise moves this Court to dismiss this case for lack of standing.

## IV.   THIS CASE SHOULD BE DISMISSED FOR LACK OF STANDING

### A.   Legal Standard

The standard for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) is whether "it appears certain that the plaintiff cannot prove any set of facts in support of her claim which would entitle her to relief."  *Benton v. U.S.*, 960 F.2d 19, 21 (5th Cir. 1992).  This rule authorizes the dismissal of a case for lack of subject matter jurisdiction when the district court lacks the statutory and constitutional power to adjudicate the case.  *See Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).

---

[5] *See Certain Wafer-Level Packaging Semiconductor Devices and Products Containing Same*, Inv. No. 337-TA-1080, EDIS Doc. ID. 640164, Respondents' Motion to Terminate the Investigation for Lack of Standing or to Terminate or Stay the Investigation Pending Arbitration (Mar. 27, 2018).  Samsung's motion is fully briefed and awaiting a decision by the presiding Administrative Law Judge.

**REDACTED / PUBLIC VERSION**

███████████████████████████████████████████

Standing is a threshold subject matter jurisdictional requirement, and plaintiff has the burden of demonstrating its own standing to maintain the claims it asserts. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559–60 (1992); *Sicom Sys., Ltd. v. Agilent Techs., Inc.*, 427 F.3d 971, 975 (Fed. Cir. 2005). "If a party lacks title to a patent, that party has no standing to bring an infringement action under the patent." *Lans v. Dig. Equip. Corp.*, 252 F.3d 1320, 1328 (Fed. Cir. 2001). A court lacks subject matter jurisdiction over a cause of action if the plaintiff lacks standing to bring the claim. *Bhandari v. Cadence Design Sys., Inc.*, 485 F. Supp. 2d 747, 750–51 (E.D. Tex. 2007). "It is well settled that questions of standing can be raised at any time." *Bd. of Trs. of Leland Stanford Junior Univ. v. Roche Molecular Sys., Inc.*, 583 F.3d 832, 841 (Fed. Cir. 2009), *aff'd*, 563 U.S. 776 (2011).

When ruling on a motion to dismiss for lack of standing, the court may consider: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by disputed facts that the Court has resolved. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); *IP Innovation LLC v. Google, Inc.*, 661 F.Supp.2d 659, 662 (E.D. Tex. 2009). When jurisdiction rests on a disputed factual issue, the court reviews the parties' submitted evidentiary materials, and the plaintiff bears the burden of proving, by a preponderance of the evidence, the facts support subject matter jurisdiction. *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).

    **B.**    <u>Any Assignment to Tessera of the Asserted Patents Without Binding Tessera to Honor Samsung's Rights Is Null and Void</u>

█████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████████████████████████

8

**REDACTED / PUBLIC VERSION**



If the assignment is null and void, then Tessera lacks standing to bring a claim of patent infringement because it does not own the Asserted Patents and, therefore, has suffered no injury in fact.  This lawsuit should therefore be dismissed.  *See, e.g., Bhandari,* 485 F.Supp.2d at 750–51 (where inventor assigned interest in asserted patent to an entity, inventor lacked standing to bring suit for infringement).

**C.**

There is no dispute that the Asserted Patents have priority dates on or before January 31, 2008—the '298 Patent was filed on October 29, 2001 and issued on January 28, 2003, and the '616 Patent was filed on June 10, 2002 and issued on February 8, 2005.  Exs. 12 and 13, '298 Patent and '616 Patent.

**REDACTED / PUBLIC VERSION**



In fact, Tessera accused a Samsung memory product, the M005X02, of infringing the Asserted Patents.  Exs. 7 and 8, Exhibits A7 and B4 to Tessera Infringement Contentions.

1.

The Asserted Patents meet all of these requirements.

For example, during the relevant period, the Semiconductor Company was an internal divisional company of MEI formed when Matsushita Electronics Co., Ltd. ("MEC") merged

with MEI.  Ex. 9, MEI 2001 SEC Form 20-F.  "In April 2001, [MEI] absorbed [MEC], its wholly-owned subsidiary, by merger to implement unified operational management in such key device areas as semiconductors and display devices."  *Id.* at 6.  Post-merger, MEC formed three new internal divisional companies, the "Semiconductor, Display Device and Lighting companies."  *Id.*

The Semiconductor Company remained a divisional company at the time of execution of the Samsung-MEI Agreement.  MEI's 2008 Form 20-F SEC filing lists the following seven internal divisional companies: (1) Panasonic AVC Networks Company; (2) Panasonic Automotive Systems Company; (3) Panasonic System Solutions Company; (4) Matsushita Home Appliances Company; (5) Lighting Company; (6) Semiconductor Company; and (7) Motor Company.  Ex. 10 at 36, MEI 2008 SEC Form 20-F.

The Asserted Patents also include alleged inventions made by an employee of the Semiconductor Company and its predecessor, MEC, while he was employed by these entities. *See* Ex. 11, Shimo ITC Decl.  MEC employed Nozomi Shimoishizaka, a named inventor on both patents, from 1987 to 2001, and the Semiconductor Company employed Mr. Shimoishizaka, post-merger, from 2001 until 2009, when he left the company.  *Id.* ¶ 5.  Mr. Shimoishizaka developed the subject matter claimed in the Asserted Patents from 1998 to 2002, as either an employee of MEC or the Semiconductor Company, or both.  *Id.*  Notably, Tessera has agreed not to oppose admission of a declaration by Mr. Shimoishizaka into evidence in a co-pending ITC investigation involving other former MEI patents.  ██████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████  The named inventor, Mr. Shimoishizaka, was employed by the Semiconductor Company.  There is no dispute that the

████████████████████████████████████████████

Asserted Patents claim semiconductor technology.  *See* Ex. 12, '298 Patent ("Semiconductor

Device and Method for Producing the same"); Ex. 13,'616 Patent (same); Compl. ¶ 5 ("The

Asserted Patents are infringed by various semiconductor components in Samsung products").

And MEI's 2008 Form 20-F SEC filing shows that the only internal divisional company of MEI

that was involved in any way with designing and developing semiconductor products was the

Semiconductor Company.  *See* Ex. 10 at 36, MEI 2008 SEC Form 20-F.

2. ████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████ License agreements are governed by ordinary principles of state contract law, and thus this

language must be construed in accordance with New York contract law.[6]  *See Power Lift, Inc. v.

Weatherford Nipple-Up Sys., Inc.*, 871 F.2d 1082, 1085 (Fed. Cir. 1989).

Under New York law, "[t]he fundamental, neutral precept of contract interpretation is

that agreements are construed in accord with the parties' intent."  *NRT N.Y., LLC v. Harding*, 131

A.D.3d 952, 953–54 (N.Y. App. Div. 2015); *Eternity Glob. Masters Fund Ltd. v. Morgan Guar.

Trust Co. of N.Y.*, 375 F.3d 168, 177 (2d Cir. 2004).  A written agreement that is "complete, clear

and unambiguous on its face must be enforced according to the plain meaning of its terms."  *Id.*

at 954.  "Even where … a contract is ambiguous, its interpretation remains the exclusive function

of the court unless 'determination of the intent of the parties depends on the credibility of

---

[6] The MEI-Samsung Agreement includes a New York choice of law provision. Ex. 1, Samsung-MEI Agreement ¶ 11.3.  The parties agree that New York law governs the interpretation of the agreement.  *See* D.I. 63, Tessera Stay Opp. at 8.

███████████████████████████████████████████

extrinsic evidence or on a choice among reasonable inferences to be drawn from extrinsic

evidence.'" *Vill. of Hamburg v. Am. Ref-Fuel Co. of Niagara, L.P.*, 284 A.D.2d 85, 88 (2001).

████████████████████████████████████████████████

████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████

Under Tessera's infringement theory, Samsung would infringe the Asserted Patents by

manufacturing memory products absent Samsung's license.  For example, Tessera accuses

Samsung's M005X02 of infringing both of the Asserted Patents.  *See, e.g.,* Exs. 7 and 8, Exhibits

A7 and B4 to Tessera Infringement Contentions.  ███████████████████

████████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████████

███  ██████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████████████

█████████████████████

**D.     The Transfer to Tessera Is Void If, As Tessera Now Argues, Tessera Was
        Bound (and/or Tessera's Predecessor Was Bound) to Honor the Agreement**

████████████████████████████████████████████████

███████████████████████████████████████████████  But,

according to Tessera's professions, MEI (and Pannova in turn) did not bind third-party assignees.



The assignment to Tessera is thus null and void.

**REDACTED / PUBLIC VERSION**

In its opposition to Samsung's motion to stay pending arbitration, Tessera argued that "Tessera is *a stranger to the agreement* containing the arbitration clause, and is *not bound by it*." Tessera Stay Opp. at 1.

Thus, Tessera's *assertion* that neither MEI nor Pannova caused Tessera to be bound to honor Samsung's rights under the Samsung-MEI Agreement at best constitutes an *admission* that MEI (and/or Pannova) ███████████████ meaning that any assignment of the Asserted Patents to Tessera is null and void. ████████████████

---

[7] In light of its disavowals, Tessera cannot argue that if arbitration is a "right" (which it is), that the Panasonic-Pannova Agreement and Pannova-Tessera Agreement silently carried that right.

**REDACTED / PUBLIC VERSION**

███████████████████████████████████████

███████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

███████████████████████████████████

        Where the power to assign is limited, any assignment in violation of it is void.  For

example, "[i]t is well established that, so long as the language of the contract provision

prohibiting assignments is clear and definite, assignments made in contravention of its terms are

void."  *Spinex Labs. Inc. v. Empire Blue Cross & Blue Shield,* 212 A.D.2d 906, 906 (1995)

(finding an assignment void in light of contractual language that "You cannot assign any benefits

or monies due under this Plan to any person, corporation or other organization. Any assignment

by you will be void."); *see also C.U. Annuity Serv. Corp. v. Young,* 281 A.D.2d 292, 293 (2001)

("Having bargained for Young's surrender of the power to assign, the payor has a right to an

appropriate remedy.  Enforcement of this non-assignment clause by declaring the purported

assignment as void comports with the expressed intent of the contracting parties."); *McCulloch

Orthopaedic Surgical Servs., PLLC v. Aetna Inc.,* 857 F.3d 141, 147 (2d Cir. 2017) ("Based on

the plain language of this provision, McCulloch's acceptance of an assignment was ineffective—

a legal nullity."); *Singer Asset Fin. Co. v. Bachus,* 294 A.D.2d 818, 820 (2002) ("Here, Bachus

expressly, clearly, and unequivocally surrendered not only the right but the power to assign his

rights under the structured settlement agreement, and thus any attempted assignment of his rights

under that agreement was effectively barred."); *Sillman v. Twentieth Century-Fox Film Corp.,*

3 N.Y.2d 395, 402 (1957) ("We all agree with the Appellate Division that said contract does so

provide [for nonassignability] and that *Allhusen v. Caristo Constr. Corp.* ... is controlling

here.").  Indeed, "an assignment violative of contractual provisions [is] wholly void [if] a

**REDACTED / PUBLIC VERSION**

contractual clause … contain[s] express provisions that any assignment shall be void or invalid if not made in a certain specified way." *Au New Haven, LLC v. YKK Corp.*, 210 F. Supp. 3d 549, 555 (S.D.N.Y. 2016) (addressing challenge to assignment of patent, but declining to void the assignment because the contract—unlike the Samsung-MEI Agreement—did not bar transfer of the relevant patent or render transfer of the patent void).

*Allhusen v. Caristo Const. Corp.* 303 N.Y. 446, 103 N.E.2d 891 (1952), is illustrative.[8] In *Allhusen*, Defendant, a general contractor, and Kroo Painting, a third party not involved in the litigation, entered into a contract for "certain painting work in New York City public schools." *Id.* at 449.  The contract contained the following provision:

> The assignment by the second party (Kroo) of this contract or any interest therein, or of any money due or to become due by reason of the terms hereto without the written consent of the first party (defendant) shall be void.

*Id.*  Kroo assigned certain rights in the contract (but not the entire contract)[9] to a third party (including the "money due or to become due"), who, in turn, assigned those rights to plaintiff. *Id.*  No written consent to the assignments was procured from defendant.  *Id.*

Plaintiff sued to recover money owed to Kroo under the contract.  The court dismissed the case, finding the assignment to plaintiff was void.  *Id.*  The court explained that the relevant contractual clause includes clear language, "which may be construed in ***no other way*** but that any attempted assignment of either the contract or any rights created thereunder shall be 'void'

---

[8] Despite the fact that *Allhusen* issued in 1952, courts consistently rely on it.  *See, e.g., TAP Holdings, LLC v. Orix Fin. Corp.*, 45 Misc. 3d 1217(A) (N.Y. Sup. 2014); *In re Stralem*, 303 A.D.2d 120, 122 (2003); *C.U. Annuity*, 281 A.D.2d at 292.

[9] Tessera cannot avoid the result compelled by *Allhusen* by arguing that an anti-assignment clause is effective only to void assignment of an entire contract in which an anti-assignment clause appears.  In *Allhusen*, the court noted that only certain rights under the contract were assigned (which included "moneys due and to become due" to Kroo), but the contract itself was not assigned.  *Allhusen*, 303 N.Y. at 449.  Thus, it is plain that the *Allhusen* holding applies with equal force to the assignment of property that is the subject of a contractual limitation on alienation, as is the case in the Samsung-MEI Agreement.

**REDACTED / PUBLIC VERSION**

█████████████████████████████████████████████████████████

as against the obligor" and thus found that the clause was "a valid and effective restriction of the right to assign." *Id.* at 452.

In its opposition to Samsung's Stay Motion, Tessera attempted to avoid this result by arguing that ████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████████ D.I. 63, Tessera Stay Opp. at 10–12. This argument lacks merit. The plain meaning of "rights" includes Samsung's right to arbitrate. There is nothing unique about the right to arbitrate that would ████████████████████

██████████████████████ Indeed, New York courts consistently refer to arbitration as a "right." *See, e.g.*, *Gary Friedman, P.C. v. O'Neill*, 115 A.D.3d 792, 793 (2014) ("the attorney must provide written notice … of the client's **right to elect to arbitrate** and must allege in the complaint that the client received notice of his or her **right to pursue arbitration**"); *see also Cusimano v. Berita Realty, LLC*, 103 A.D.3d 720, 721 (2013) ("[Party] did not waive her **right to arbitrate**."); *Fein v. Gen. Elec. Co.*, 40 A.D.3d 807, 808 (2007) ("The **right to arbitrate** [is] like any other contractual right …."); *Les Constructions Beauce-Atlas, Inc. v. Tocci Bldg. Corp. of New York*, 294 A.D.2d 409, 410 (2002) ("the defendants asserted the **right to arbitration** as an affirmative defense ….").[10]

██████████████████████████████████████████████████████

████████████████████████████ Assignment of a cross-license by a licensee encompasses the

---

[10] The understanding that an agreement to arbitrate is a "right" is not unique to New York law. Virtually all courts likewise consider arbitration to be a "right." *See, e.g.*, *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 221 (1985) ("By compelling arbitration of state-law claims, a district court successfully protects the parties' contractual rights and their rights under the Arbitration Act."); *Hardie v. United States*, 19 F. App'x 899, 906-07 (Fed. Cir. 2001) ("if a party asserts the right to arbitrate, the agreement must be recognized"); *PTA-FLA, Inc. v. Huawei Techs. USA, Inc.*, No. 3:14-CV-01312, 2014 WL 3100458, at *10 (D. S.C. July 2, 2014) (analyzing state law and the UCC and finding arbitration to be a "right" and not an "obligation" under contract).

**REDACTED / PUBLIC VERSION**

█████████████████████████████████████████████████

right to practice the other party's patents and thus, unsurprisingly, requires the licensor's consent.

█████████████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████████████

██████

Tessera further argued in its opposition to Samsung's Stay Motion that, under

*Datatreasury Corp. v. Wells Fargo & Co.*, only licenses "run with the patent," not arbitration

clauses.  522 F.3d 1368, 1372 (Fed. Cir. 2008).  But Samsung is not arguing that an arbitration

clause *automatically* "runs with the patents," as Tessera suggests.  ████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████████████

█████████████████████████████████████████████

████████████████████████████████████████████

█████████████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████████████████

█████████████████████  Else, the respective assignment was null and void.

Tessera cannot now argue that nullifying its assignment would be inequitable because it

did not know about ████████████████████████████████████████[11] ████████████████████████████

---

[11] Tessera may argue that it is a bona fide purchaser of the Asserted Patents under 35 U.S.C. §
261.  But such reliance would be misplaced as Tessera here was on inquiry notice that Samsung
may have had rights in the Asserted Patents and thus is not an innocent purchaser.  Moreover,
§ 261 does not apply to non-exclusive licenses, like the Samsung-MEI Agreement.  *Rhone
Poulenc Agro, S.A. v. DeKalb Genetics Corp*., 284 F.3d 1323, 1334 (Fed. Cir. 2002) ("the bona
fide purchaser defense does not apply to non-exclusive licensees"); *In re Cybernetic Servs., Inc.*,



Tessera disavowed that agreement and, instead, subjected Samsung to litigation in this Court and other fora.  Even after Samsung asserted its rights, demanded arbitration, and provided Tessera with the Samsung-MEI Agreement demonstrating Samsung's rights, Tessera continues to pursue litigation rather than honor Samsung's rights. ██████████████████████████████ the consequence is that the assignment of the Asserted Patents to Tessera is null and void, and Tessera lacks standing to pursue this action.

252 F.3d 1039, 1052 (9th Cir. 2001) ("[B]ecause § 261 provides that only an 'assignment, grant or conveyance shall be void' as against subsequent purchasers and mortgagees, only transfers of ownership interests need to be recorded with the PTO.").

**REDACTED / PUBLIC VERSION**

V.    <u>**CONCLUSION**</u>

Based on the foregoing, Samsung asks the Court to dismiss this case for lack of standing,

or in the alternative, stay the matter pending arbitration.

**REDACTED / PUBLIC VERSION**

DATED:  May 11, 2018

Respectfully submitted,

*/s/ Melody Drummond Hansen*

Mark A. Samuels
Ryan K. Yagura
Brian Berliner
Nicholas J. Whilt
Xin-Yi Zhou
Tony Beasley
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

John Kappos
Bo Moon
Cameron Westin
Brad Berg
O'MELVENY & MYERS LLP
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
Telephone: (949) 823-6900
Facsimile: (949) 823-6994

D. Sean Trainor
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414

Anne E. Huffsmith
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111
Telephone: (415) 984-8700
Facsimile: (415) 984-8701

Melody Drummond Hansen
O'MELVENY & MYERS LLP
2765 Sand Hill Road
Menlo Park, CA 94025
Telephone: (650) 473-2600
Facsimile: (650) 473-2601

*Counsel for Defendants Samsung Electronics
Co., Ltd., Samsung Electronics America, Inc.,
and Samsung Semiconductor, Inc.*

**REDACTED / PUBLIC VERSION**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  Plaintiff's counsel of record were served with a true and correct copy of the foregoing document by electronic mail on this the 11th day of May, 2018.

/s/ *Melissa R. Smith*
Melissa R. Smith