**PUBLIC VERSION**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | |
|---|---|
| **TESSERA ADVANCED TECHNOLOGIES, INC.,** | Civil Action No. 2:17-cv-671-JRG |
| **Plaintiff,** | ██████████████████████ |
| | ████████████ |
| vs. | |
| | ████████████ |
| **SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC.,** | ██████████████ |
| | █████████████ |
| **Defendants.** | **JURY TRIAL DEMANDED** |

## DEFENDANTS' REPLY IN SUPPORT OF THEIR
## MOTION TO DISMISS FOR LACK OF STANDING

[redacted]

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION .......... 1

II. TESSERA'S ACTIONS BELIE ITS ASSERTION THAT IT IS BOUND TO HONOR OTHER RIGHTS GRANTED UNDER THE AGREEMENT .......... 2

III. THE AGREEMENT REQUIRES THIRD PARTY ASSIGNEES, SUCH AS TESSERA, TO HONOR "ANY OTHER RIGHTS GRANTED" TO SAMSUNG .......... 3

- A. Tessera's Argument That it is Not Bound Because it is Not A "Party" Contradicts The Agreement's Succession Clause .......... 4
- B. The Cases Tessera Cites Are Inapposite Because, Unlike Here, They Do Not Involve Agreements With Succession Clauses .......... 4
- C. Tessera's Argument That The Agreement Distinguishes Between "Rights" and "Obligations" is Baseless .......... 7

IV. CONCLUSION .......... 9

[redacted]

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aceros Prefabricados, S.A. v. TradeArbed. Inc.*,
282 F.3d 92 (2d Cir. 2002)......6

*Certain Wafer-Level Packaging Semiconductor Devices and Products Containing Same*,
Inv. No. 337-TA-1080......2

*Cusimano v. Berita Realty, LLC*,
103 A.D.3d 720 (N.Y. App. Div. 2013)......7

*In re D & B Const. of Westchester, Inc.*,
875 N.Y.S.2d 819 (N.Y. Sup. Ct. 2008)......6

*Datatreasury Corp. v. Wells Fargo & Co.*,
522 F.3d 1368 (Fed. Cir. 2008)......5, 6

*Fein v. Gen. Elec. Co.*,
40 A.D.3d 807 (N.Y. App. Div. 2007)......7

*Gary Friedman, P.C. v. O'Neill*,
115 A.D.3d 792 (N.Y. App. Div. 2014)......7

*Howard v. Greenbriar Equity Grp., LLC*,
20 Misc. 3d 1140(A), 872 N.Y.S.2d 691 (N.Y. Sup. Ct. 2008)......6

*Les Constructions Beauce-Atlas, Inc. v. Tocci Bldg. Corp. of N.Y.*,
294 A.D.2d 409 (2002)......7

*Merrill Lynch Int'l Fin., Inc. v. Donaldson*,
895 N.Y.S.2d 698 (N.Y. Sup. Ct. 2010)......6

*Merrill Lynch Inv. Managers v. Optibase, Ltd.*,
337 F.3d 125 (2d Cir. 2003)......6

Norcast S.ar.l. v. Castle Harlan, Inc.
No. 12-civ-4973, 2014 WL 43492 (S.D.N.Y. Jan. 6, 2014)......5

Oxbow Calcining USA Inc. v. American Indus. Partners
No. 650972/10, 2011 WL 10857753, (N.Y. Sup. Ct. Feb. 2, 2011), *aff'd by Oxbow Calcining USA Inc. v. American Indus. Partners*, 948 N.Y.S.2d 24 (N.Y. 2012)......4

*Peregrine Falcon, LLC v. Piaggio Am., Inc.*,
720 F. App'x 863 (9th Cir. 2018)......5

PUBLIC VERSION

**Rules**

Rule 30(b)(6)....................................................................................................................................3

iii

## I. INTRODUCTION

As Samsung showed in its Motion to Dismiss (D.I. 73) ("Mot."), Samsung paid [REDACTED] under the Samsung-MEI Agreement for substantial rights, including patent licenses, non-assertions, and a broad right to arbitrate any disputes related to the interpretation and performance of the Agreement. Importantly, the Agreement also required any third-parties who later acquired the licensed patents to be equally bound to honor Samsung's licenses, non-assertions, and "***any other rights***"—or else patent transfers to those third-parties would be *null and void*.

To avoid a stay pending arbitration, Tessera argued that it is a "stranger to the agreement containing the arbitration clause and is not bound by it," it was not "[REDACTED]," and it never "[REDACTED]." Tessera Stay Opp. (D.I. 63) at 1, 4. Such statements support dismissal for lack of standing because assignees like Tessera were required to be bound to honor Samsung's rights—or else the patent transfers to them are null and void. To avoid dismissal, however, Tessera now argues that it ***was*** bound to honor all rights required to be transferred, and that [REDACTED][1] Tessera's Opp. to Samsung's Motion to Dismiss for Lack of Standing ("Opp."), D.I. 77 at 1. But Tessera tries to avoid the obvious conclusion that arbitration ***is*** one of the "***other rights***" granted to Samsung under the Samsung-MEI Agreement, by making two flawed arguments.

First, Tessera argues it was not a "Party" to the Samsung-MEI Agreement and that the Agreement's arbitration provision is limited to Parties. Tessera's argument, however, contradicts

[1] All emphasis added unless otherwise indicated.

the Agreement's succession clause that required transferees, such as Tessera, to be equally bound to "***any other*** rights" granted to Samsung under the Agreement—not just licenses or non-assertions.

Second, Tessera argues arbitration is an "obligation," and not a "right" that must bind transferees of the asserted patents. But Samsung clearly has a right to arbitrate under the Samsung-MEI Agreement, and courts regularly recognize arbitration as a right.

According to the Samsung-MEI Agreement, either Tessera is bound to honor Samsung's right to arbitrate and this case should be stayed pending arbitration, or Tessera was not properly bound to honor Samsung's rights, the patent transfer to Tessera is therefore null and void, and this case should be dismissed because Tessera lacks standing.[2]

## II. TESSERA'S ACTIONS BELIE ITS ASSERTION THAT IT IS BOUND TO HONOR OTHER RIGHTS GRANTED UNDER THE AGREEMENT

Tessera now argues that it is in fact bound to honor all rights that were required to be transferred under the Samsung-MEI Agreement. Tessera's actions, however, are not consistent with its new argument.

Samsung provided Tessera an unredacted copy of the Samsung-MEI Agreement on January 22, 2018, shortly before serving Samsung's demand for arbitration under the Agreement on February 7, 2018. Samsung filed and served its Motion For Stay Pending Arbitration in this Court on February 22, 2018 and a Motion For Lack Of Standing And, In The Alternative, To

[2] In the parallel U.S. International Trade Commission ("ITC") investigation filed by Tessera involving patents formerly owned by Panasonic/MEI (*Certain Wafer-Level Packaging Semiconductor Devices and Products Containing Same,* Inv. No. 337-TA-1080), Samsung filed a motion to terminate the investigation that raised the same arguments and relied on the same evidence presented in the pending motions in this case. The Administrative Law Judge granted Samsung's motion to terminate on May 21, 2018, dismissing the ITC investigation in favor of arbitration, based on the same Samsung-MEI Agreement at issue here. Samsung will provide a copy of the order when a public version is available.

Terminate Or Stay Pending Arbitration in the ITC on March 27, 2018. Despite notice of the Agreement and the rights secured to Samsung under the Agreement (including the right to arbitrate any and all disputes), Tessera has for months continued to aggressively litigate this case and its ITC action. In the ITC, Tessera persisted through claim construction disclosures and briefing, a full-day *Markman* hearing, international depositions over an eight day period, 62 interrogatories, 67 requests for production, and 57 corporate deposition topics under Rule 30(b)(6). In response, Samsung produced eight witnesses for deposition and over 200,000 pages of responsive documents. In the present action, Tessera forced Samsung to prepare invalidity contentions, produce 29,142 pages of documents, and prepare and serve P.R. 4-1 and 4-2 disclosures. Further, in opposing Samsung's motion to stay pending arbitration, Tessera took the strident position that it is a "stranger" to the Samsung-MEI Agreement, that it had never agreed to be bound by its terms, and that it had never even seen the agreement other than in a heavily redacted form. Tessera Stay Opp. (D.I. 63) at 1.

Tessera cannot have it both ways. Tessera cannot state that its patent assignment agreement transferred all rights required to be transferred, but then deny Samsung its right to arbitrate, as Tessera now argues. Tessera cannot dissect the Samsung-MEI Agreement and select those provisions that it will honor and reject those that it finds inconvenient. If Tessera's representations to this Court are taken at face value, Tessera was not bound to honor Samsung's rights under the Agreement, the assignment to Tessera is null and void, and Tessera lacks standing to bring this action.

## III. THE AGREEMENT REQUIRES THIRD PARTY ASSIGNEES, SUCH AS TESSERA, TO HONOR "ANY OTHER RIGHTS GRANTED" TO SAMSUNG

To avoid the arbitration requirement and at the same time attempt to avoid dismissal, Tessera argues: (1) Tessera is not a "Party" to the Agreement, and the arbitration clause only

PUBLIC VERSION

binds parties, and (2) arbitration is not a "right" required to run with the patents, but is instead an "obligation." Opp. at 8-14. Both of these arguments fail.

**A. Tessera's Argument That it is Not Bound Because it is Not A "Party" Contradicts The Agreement's Succession Clause**

Tessera argues it is not a "Party" to the Samsung-MEI Agreement and incorrectly suggests that the arbitration clause could only ever bind the Parties. Opp. at 8-11. The Agreement was of course binding on the Parties to the Agreement. The Agreement, however, also contemplated that a Party might assign licensed patents to a third party. *See, e.g.*, Mot. at 4 (citing Ex. 1 ¶ 11.5.2). Specifically, it included a succession clause that required an assigning Party to cause the "licenses, non-assertions and any other rights granted herein to the other Party" to be "succeeded by such third party assignee." *Id.* Thus, the Parties were required to bind third party assignees, such as Tessera, or else the patent transfer is null and void. *Id.* Tessera's argument that only "Parties" were bound by the arbitration clause ignores the succession clause's requirement that assignees be bound to honor "any other rights granted herein to the other Party."

**B. The Cases Tessera Cites Are Inapposite Because, Unlike Here, They Do Not Involve Agreements With Succession Clauses**

Tessera argues that, under New York law, "arbitration clauses that expressly define the 'Parties' who are bound to arbitrate are limited to those specifically enumerated parties, and are not enforced against non-parties." Opp. at 9. But Tessera cites no case where, as here, a succession clause explicitly requires third-party assignees to be bound to honor "any other rights granted" in the agreement. In *Oxbow Calcining USA Inc. v. Am. Indus. Partners*, for example, the court found that the plaintiffs were not bound to arbitrate because they were not successors-in-interest or agents of the entities that were signatories to the arbitration clause, and the defendants did not cite any contractual provision requiring succession of any arbitration right.

No. 650972/10, 2011 WL 10857753, at *5-6 (N.Y. Sup. Ct. Feb. 2, 2011), *aff'd by Oxbow Calcining USA Inc. v. Am. Indus. Partners,* 948 N.Y.S.2d 24 (N.Y. 2012). By contrast, here, it is undisputed that the Samsung-MEI Agreement explicitly required assignees of the asserted patents to honor "any other rights granted" to Samsung under the Agreement, including the arbitration rights.

Similarly, in *Norcast S.ar.l. v. Castle Harlan, Inc.*, the defendant attempted to compel the plaintiff to arbitrate based on arbitration agreements with the defendant's subsidiary. No. 12-civ-4973, 2014 WL 43492(PAC) (S.D.N.Y. Jan. 6, 2014). The court found that the plaintiff was not bound to arbitrate based on grounds not at issue here, such as the relationship of a parent to a subsidiary and piercing the corporate veil. Unlike here, there was no successor clause binding transferees. *Id.* at *5-7. That case also involved, in part, a ***non-signatory*** defendant attempting to arbitrate by invoking the rights of its subsidiary, a ***signatory***. *Id.* at *7. By contrast, in this case, Samsung is asserting a right to arbitrate explicitly granted to Samsung under the Samsung-MEI Agreement. Samsung also does not seek to bind Tessera to arbitrate as a third-party beneficiary, as in *Peregrine Falcon, LLC v. Piaggio Am., Inc.*, 720 F. App'x 863, 864–65 (9th Cir. 2018) (denying motion to compel arbitration because plaintiff was a third-party beneficiary to arbitration agreement, but providing no analysis regarding whether plaintiff was a successor to signatory or whether the right to arbitration was incorporated by reference). Tessera's cited cases are therefore inapplicable to a situation where, as here, a contract provision requires third-party assignees to be bound or else have patent transfers voided.

Tessera's reliance on default rules for patent transfers—*i.e.*, rules that apply in the absence of a contractual provision to the contrary—are similarly misplaced. For example, Tessera argues that arbitration rights do not flow with patent transfers, citing the Federal

Circuit's opinion in *Datatreasury Corp. v. Wells Fargo & Co.*, 522 F.3d 1368 (Fed. Cir. 2008). Opp. at 11-14. *Datatreasury*, however, addressed rights that "run with the patent" under operation of law. 522 F.3d at 1372-73. But Samsung does not argue that arbitration is a right that automatically runs with a patent transfer, as was at issue in *Datatreasury*. Samsung relies on contract terms requiring future assignees to be bound to honor "any other rights granted" under the Agreement. No such clause existed in *Datatreasury*. In fact, the Federal Circuit recognized that "a non-signatory may be compelled to arbitrate under [various] theories." *See, e.g., id.* at 1372; *see also In re D & B Const. of Westchester, Inc.*, 875 N.Y.S.2d 819 (N.Y. Sup. Ct. 2008). Thus, Tessera's cited cases do not support a conclusion that a third party cannot be bound by a right to arbitrate.

Moreover, even if the succession clause did not exist in the Samsung-MEI Agreement, New York law provides for non-signatories to be bound to arbitrate in a number of circumstances, including where the previous agreement is incorporated by reference into an agreement involving the non-party. *Merrill Lynch Inv. Managers v. Optibase, Ltd.*, 337 F.3d 125 (2d Cir. 2003); *Merrill Lynch Int'l Fin., Inc. v. Donaldson*, 895 N.Y.S.2d 698, 702–03 (N.Y. Sup. Ct. 2010); *Aceros Prefabricados, S.A. v. TradeArbed. Inc.*, 282 F.3d 92, 97 (2d Cir. 2002). Here, by Tessera's own admission, [REDACTED] Indeed, the succession clause presumed that a Party would cause non-parties to be bound. *See* Mot., Ex. 1 ¶ 11.5.2. Thus, if Tessera was properly bound to honor Samsung's rights under the Samsung-MEI Agreement, it is obligated to honor Samsung's right

to arbitrate this dispute. *See, e.g., Howard v. Greenbriar Equity Grp., LLC,* 20 Misc. 3d 1140(A), 872 N.Y.S.2d 691 (N.Y. Sup. Ct. 2008) ("New York law will enforce an arbitration clause contained in an agreement which is incorporated into another agreement by reference.").

### C. Tessera's Argument That The Agreement Distinguishes Between "Rights" and "Obligations" is Baseless

Samsung demonstrated that it has a right to arbitrate under the Samsung-MEI Agreement. *See, e.g.,* Mot. at 4, 14. Tessera argues in opposition that it is not bound to arbitrate because the Agreement distinguishes between "rights" and "obligations." According to Tessera, when the Agreement as a whole is transferred, all "rights and obligations" are transferred (citing Paragraph 11.5.1), while only "rights" are transferred with patent assignments under Paragraph 11.5.2. Opp. at 12; Mot., Ex. 1 ¶¶ 11.5.1, 11.5.2. But, it is undisputed that the Samsung-MEI Agreement granted Samsung the right to arbitrate, and the plain meaning of "any other rights" includes the right to arbitrate. Indeed, New York courts consistently refer to arbitration as a "right." *See, e.g., Gary Friedman, P.C. v. O'Neill,* 115 A.D.3d 792, 793 (N.Y. App. Div. 2014) ("the attorney must provide written notice . . . of the client's right to elect to arbitrate and must allege in the complaint that the client received notice of his or her right to pursue arbitration"); *Cusimano v. Berita Realty, LLC*, 103 A.D.3d 720, 721 (N.Y. App. Div. 2013) ("[The party] did not waive her right to arbitrate."); *Fein v. Gen. Elec. Co*., 40 A.D.3d 807, 808 (N.Y. App. Div. 2007) ("The right to arbitrate [is] like any other contractual right . . ."); *Les Constructions Beauce-Atlas, Inc. v. Tocci Bldg. Corp. of N.Y.*, 294 A.D.2d 409, 410 (2002) ("the defendants asserted the right to arbitration as an affirmative defense . . .").

Tessera's reliance on Paragraph 11.5.1's reference to "obligations" also is misplaced. Paragraphs 11.5.1 and 11.5.2 differ based on what is being transferred—the Agreement as a whole (Paragraph 11.5.1) versus patents licensed under the Agreement (Paragraph 11.5.2)—not

based on whether "rights" or "obligations" are involved. *See, e.g.,* Mot. at 18-19. The plain language of Paragraph 11.5.2 is clear that where only licensed patents are transferred, the third-party assignee must be bound to "licenses, non-assertions and ***any other rights*** granted herein" as to the transferred patents. This means that the third-party assignee (*e.g.,* Tessera) would be bound to honor rights granted to the non-transferring Party (*e.g.,* Samsung), but would not be entitled to the benefit of obligations owed by the non-transferring Party (*e.g.,* Samsung), such as an obligation to cross-license Samsung's patents. In contrast, Paragraph 11.5.1 recites the requirements for the assignment of the ***entire Agreement***, where the assignee would step into the shoes of a Party for purposes of the entire Agreement. Mot., Ex. 1 ¶ 11.5.1. Thus, as discussed in detail in Samsung's Motion, it makes sense that assignment of the Agreement would require the other party's consent, because it could include a right to practice the other party's patents.[3] Mot. at 18-19.

The language in Paragraph 11.5.2, however, requires third-party assignees to be bound to honor not only licenses and non-assertions, but also "any other rights granted" in the Agreement, ensuring that Samsung's rights, including the right to arbitrate, survive assignment of the patents. Accordingly, patent assignees (such as Pannova and Tessera) are required to succeed and be bound to honor Samsung's licenses and "any other rights" under the Agreement—otherwise any

---

[3] Tessera's argument that Paragraphs 3.3 and 10.1.2 conflict with Samsung's position is incorrect and ignores key contractual language. Opp. at 11. Paragraph 3.3, for example, protects either party to the Agreement from granting rights that are not "expressly provided in any written agreement between the Parties, including without limitation, this Agreement" to any third party. Mot., Ex. 1. ¶ 3.3. Paragraph 10.1.2 permits a party to terminate "the Agreement ***and/or*** licenses and other rights granted to the other Party" in very limited circumstances, including the other Party's insolvency or bankruptcy proceedings. *Id.* ¶ 10.1.2. Thus, if the right to terminate succeeded to a third-party, the Agreement makes clear that the third-party would only have the right to terminate those rights that it possesses—the Agreement (if the entire Agreement was transferred) and/or the licenses and other rights (if certain licenses and rights were transferred). Neither of these provisions negate the succession of Samsung's right to arbitrate.

patent assignment to them is null and void. Thus, to the extent Tessera insists that it is not bound to honor Samsung's rights under the Agreement, including Samsung's right to arbitration, the assignment of the Asserted Patents to Tessera is null and void, and this case should be dismissed. If, on the other hand, Tessera was properly bound to honor all of Samsung's rights granted under the Samsung-MEI Agreement, Samsung's motion to stay should be granted in favor of the arbitration that has already commenced.

## IV. CONCLUSION

Based on the foregoing, Samsung asks the Court to dismiss this case for lack of standing or in the alternative stay the case pending arbitration.

DATED: June 1, 2018

Respectfully submitted,

*/s/ Nicholas J. Whilt*

Mark A. Samuels
Ryan K. Yagura
Brian Berliner
Nicholas J. Whilt
Xin-Yi Zhou
Tony Beasley
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

John Kappos
Bo Moon
Cameron Westin
Brad Berg
O'MELVENY & MYERS LLP
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
Telephone: (949) 823-6900
Facsimile: (949) 823-6994

D. Sean Trainor
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414

Melody Drummond Hansen
O'MELVENY & MYERS LLP
2765 Sand Hill Road
Menlo Park, CA 94025
Telephone: (650) 473-2600
Facsimile: (650) 473-2601

*Counsel for Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Semiconductor, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Plaintiff's counsel of record were served with a true and correct copy of the foregoing document by electronic mail on this the 1st day of June, 2018.

/s/ *Melissa R. Smith*
Melissa R. Smith

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I hereby certify that under Local Rule CV-5(a)(7), the foregoing document is filed under seal pursuant to the Court's Protective Order entered in this matter.

/s/ *Melissa R. Smith*
Melissa R. Smith