# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| TESSERA ADVANCED TECHNOLOGIES, INC., | § § § | |
| *Plaintiff*, | § § § | |
| v. | § § | CIVIL ACTION NO. 2:17-CV-00671-JRG |
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., | § § § § § | |
| *Defendants*. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion to Stay Pending Determination of *Inter Partes* Review (Dkt. No. 91) ("the Motion"). Having considered the Motion and for the reasons stated below, the Court finds that the Motion should be and hereby is **DENIED**.

## I. BACKGROUND

Tessera filed the Complaint on September 28, 2017, alleging infringement of United States Patent Nos. 6,512,298 ("the '298 Patent") and 6,852,616 ("the '616 Patent"). (Dkt. No. 1.)

On June 15, 2018, Samsung filed *inter partes* review ("IPR") petitions challenging that each of the asserted claims was invalid. (Dkt. No. 91 at 3.)

Opening Claim Construction briefs are due August 3, 2018. The *Markman* hearing is slated for September 17, 2018, with the close of fact discovery on December 14, 2018 and jury selection on May 6, 2019. (Dkt. No. 46.)

## II. LEGAL STANDARD

District courts have broad discretion to manage their dockets, including the power to grant a stay of proceedings. *The Procter & Gamble Co. v. Kraft Foods Global, Inc.*, 549 F.3d 842, 848–

49 (Fed. Cir. 2008) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of causes on its docket with economy of time and effort for itself, for counsel, and for litigants.")). When considering motions to stay, courts "must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

To strike the balance when a patent challenger moves to stay a litigation pending an IPR, courts in this district consider three factors: (1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether discovery is complete and whether a trial date has been set; and (3) whether a stay will simplify issues in question and trial of the case. *Lennon Image Techs., LLC v. Macy's Retail Holdings, Inc.*, No. 2:13-CV-00235-JRG, 2014 WL 4652117, at *2 (E.D. Tex. Sept. 18, 2014). "Essentially, courts determine whether the benefits of a stay outweigh the inherent costs based on those factors." *EchoStar Techs. Corp. v. TiVo, Inc.*, No. 5:05-CV-00081, 2006 WL 2501494, at *1 (E.D. Tex. July 14, 2006).

### III. DISCUSSION

#### A. Whether a Stay Will Unduly Prejudice or Present a Clear Tactical Disadvantage to the Nonmoving Party

Samsung argues that Tessera will suffer no undue prejudice or tactical disadvantage. (Dkt. No. 91 at 6.) Since Tessera is "purely a licensing entity that does not design, manufacture, or sell any products" and "does not compete with Samsung," monetary relief alone will adequately compensate Tessera for any damages as a result of the stay. (*Id.*) Samsung also notes that it was prompt in filing its IPRs nearly 3 months "before the one-year deadline and almost a year before jury selection." (*Id.* at 7.)

Tessera argues a stay would be prejudicial because "'a patent holder has an interest in the timely enforcement of its patent rights.'" (Dkt. No. 93 at 5 (quoting *Lennon Image Techs., LLC v.*

2

*Macy's Retail Holdings, Inc.*, No. 2:13-cv-00235-JRG, 2014 WL 4652117, at *2 (E.D. Tex. Sept. 17, 2014)).) Tessera notes that Samsung delayed filing its IPRs for nine months and that, should a stay be entered, such stay would be in effect until at least January 2020, nearly nine months after the currently scheduled trial date. (*Id.*)

While Tessera's interest in timely enforcement of its patent rights is entitled to some weight, "that factor is present in every case in which a patentee resists a stay, and it is therefore not sufficient, standing alone, to defeat a stay motion." *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-cv-1058-WCB, 2015 U.S. Dist. LEXIS 29573, at *7 (E.D. Tex. March 11, 2015).

Tessera does not dispute Samsung's contention that it does not compete with Samsung, nor that monetary relief will be sufficient to compensate it for any injury to its patent rights. Further, the Court notes that Samsung's alleged dilatory tactics in delaying the filing of its IPRs is both permissible under the statute and better analyzed under Factor 3. Accordingly, the Court finds this factor neutral.

### B. Whether Discovery Is Complete and Whether a Trial Date Has Been Set

Samsung argues that, "[a]t the time of this motion, the parties are engaged in discovery and the earliest stages of the claim construction process, but have not yet filed any claim construction briefs, taken (or even noticed) any depositions, or begun expert discovery." (Dkt. No. 91 at 7.) Samsung asserts that, as the claim construction hearing is two and a half months away and trial is nearly eleven months away, the "majority of the cost of this litigation is still in the future." (*Id.*) Samsung further argues that its "diligence in filing the IPRs also supports granting the stay." (*Id.* (citing *NFC*, 2015 U.S. Dist. LEXIS 29573, at *3–4 (granting a stay where IPRs were filed four months after plaintiff provided infringement contentions)).)

Tessera argues that the stage of the case weighs against entering a stay because the parties "have expended tremendous resources in fact discovery already, and have produced hundreds of

3

thousands of pages of documents." (Dkt. No. 93 at 6.) Tessera further asserts that "the parties are well into the claim construction process, having already filed the P.R. 4-3 Joint Claim Construction Statement.

Tessera supports its position by citing to *Trover Group, Inc. v. Dedicated Micros USA*, No. 2:13-cv-1047-WCB, 2015 U.S. Dist. LEXIS 29572 (E.D. Tex. March 11, 2015). There, as here, the defendants moved to stay the case prior to the institution of defendants' filed IPRs. *Id.* at *3–4. After noting that claim construction briefing had been completed during the briefing for the motion to stay, Judge Bryson found:

> While it is true that discovery and motion practice over the next four months will entail a significant amount of work and expense for the parties, the most intensive period of pretrial preparation and the trial will not take place until after the PTAB has decided whether to grant the petition and institute inter partes review, which should occur, at the latest, by June of 2015. Accordingly, this is not a case in which the proceedings before the court are at such an early stage that the stay would have no material effect on the district court proceedings. On the other hand, the timing of the PTAB's decision whether to institute inter partes review is such that if the PTAB institutes inter partes review, a stay entered at that point has the potential to save the parties the bulk of the expenses that they would incur in the pretrial period and in going to trial.

*Trover*, 2015 U.S. Dist. LEXIS 2957772, at *9–10 (cleaned up). Judge Bryson further considered the defendants' delay in filing their IPRs until five days before the statutory deadline, holding that:

> The pattern of delay on defendants' part cuts against granting a stay. The defendants could have filed their motion for a stay at a time when the case could truly be said to have been in its infancy. At that time, a stay could have been granted without substantially interfering with the proceedings before the Court. But by delaying in filing their petition and then further delaying in filing their motion to stay, the defendants have allowed the case to progress to a point at which the proceedings have become more active, and thus more expensive, for the parties. Because this factor was within the defendants' control, the Court is not sympathetic with the defendants' contention that they will be exposed to potentially unnecessary expenses in the absence of a stay. For that reason, the Court concludes that this factor cuts strongly against a stay.

*Id.* at *11.

The Court finds *Trover* to be on point. With Claim Construction briefing to begin on August 3, 2018, the timing of the two cases is almost identical. (*See* Dkt. No. 46.) Accordingly, the Court finds that the stage of the case is not so early that the stay would have no material effect on the district court proceedings; nor is the timing so late that delaying a stay until such time as institution actually occurs would not save the Parties the substantial expenses they would occur in the pretrial period and going to trial. While Samsung has the right to delay filing its IPRs for a year under 35 U.S.C. § 315, the choice of when to bring such IPRs is still at Samsung's discretion. Unlike in *NFC*, where the defendants waited only seven months to file their IPRs, Samsung waited nine months from the initiation of these proceedings and five months after service of infringement contentions to move for a stay. Samsung's actions here, in conjunction with Samsung's Motion to Stay Proceedings Pending Arbitration (Dkt. No. 50, filed Feb. 22, 2018), appear to be yet another attempt to draw out these proceedings. Accordingly, and in line with Judge Bryson's decision in *Trover*, the Court finds that this factor weighs strongly against a stay.

### C. Whether a Stay Will Simplify Issues in Question and Trial of the Case

Samsung argues that a stay will likely simplify the case by:

(1) Allowing the PTAB, with its particular expertise, to consider prior art and invalidity issues before they are presented to the Court; (2) alleviating discovery problems relating to invalidity issues; (3) encouraging settlement without further use of the Court; (4) limiting the issues, defenses, and evidence at pretrial conferences and at trial; (5) reducing the costs and burdens for both the parties and the Court; and (6) avoiding the possibility of inconsistent results on the invalidity issues considered by the PTAB.

(Dkt. No. 91 at 8.) Samsung notes that, "given the complex nature of the case, including two patents and fifteen asserted claims against at least twenty-one accused chips and at least six accused end user products," such a stay would be beneficial, especially in light of the "ongoing ICC arbitration" addressing the "complex issues arising from a license agreement." (*Id.*)

5

Samsung further argues that "there is a high probability that the IPRs will simplify the case by resulting in a determination that some or all of the claims are invalid." (*Id.*) Samsung supports this proposition by asserting that 68% of all petitions challenging "Electrical/Computer patents" are instituted, 81% "of final written decisions published by the PTAB upon completion of trial resulted in the cancellation of at least one reviewed claim," with 65% of such decisions resulting "in the cancellation of all claims instituted for review." Further, in the event that claims are not invalidated, Samsung notes that it will "be estopped from arguing to this Court that any claims confirmed in the IPRs . . . are invalid on any ground that Samsung 'raised or reasonably could have raised during the IPRs.'" (*Id.* at 10 (quoting 35 U.S.C. § 315(e)(2)).)

Tessera argues that "it is 'the universal practice' in this District to deny a motion to stay pending IPR proceedings before the PTAB has decided to institute the review." (Dkt. No. 93 at 3 (quoting *Trover*, U.S. Dist. LEXIS 29572, at *17).) Tessera further notes that, "[a]s this Court has previously recognized, 'it would be speculative for the Court to extrapolate from the statistics and conclude that it is likely that the PTAB will institute inter partes review in this case and invalidate some or all of the claims' of the patents-in-suit." (*Id.* (quoting *Trover*, U.S. Dist. LEXIS 29572, at *14).)

It is now well established that this Court will not, barring exceptional circumstances, grant a stay of proceedings for the mere filing of an IPR. Indeed, as Tessera points out,

> Although, as the Federal Circuit noted, some district courts have granted stays even before the PTAB has granted the petition for review, the majority of courts that have addressed the issue have postponed ruling on stay requests or have denied stay requests when the PTAB has not yet acted on the petition for review.
>
> In this district, that is not just the majority rule; it is the universal practice. This Court's survey of cases from the Eastern District of Texas shows that when the PTAB has not yet acted on a petition for inter partes review, the courts have uniformly denied motions for a stay.

*Trover*, U.S. Dist. LEXIS 29572, at *16–18 (collecting cases) (cleaned up).

Further, and as with Tessera's argument about patent owner rights under Section III(A), *supra*, the Court finds that Defendants' six points of simplification in this case are likely to be present in virtually every case in which *inter partes* review has been sought challenging a patent owned by a non-competing entity. Accordingly, considering all aspects of the proceedings before the Court and the PTAB, the Court concludes that the "simplification of the issues" factor cuts against a stay.

## IV. CONCLUSION

Based on all the circumstances, the Court concludes that a stay of proceedings pending the PTAB's decision whether to grant the petition for *inter partes* review should not be granted. Instead, the proper course is to follow the approach employed by a majority of the district court decisions (and all of the decisions in this district) and deny the motion for a stay pending a determination by the PTAB as to whether to grant the petition for *inter partes* review. When that decision is made, the balance of factors bearing on the appropriateness of a stay may be very different, and issuance of a stay may be appropriate.

While the Court could simply postpone ruling on the Motion until the PTAB acts, the Court regards it as the better practice to rule on the Motion in order to inform the parties of the basis for the Court's action. Accordingly, Samsung's Motion to Stay (Dkt. No. 91) is **DENIED**, but this denial is entered **WITHOUT PREJUDICE** to refiling of the same to be permitted within 14 days following the PTAB's institution decisions.

**So ORDERED and SIGNED this 19th day of July, 2018.**

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE