# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| TESSERA ADVANCED TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> SAMSUNG ELECTRONICS CO., LTD. AND SAMSUNG ELECTRONICS AMERICA, INC., <br><br> Defendants. | Civil Action No. 2:17-CV-671-JRG <br><br> **JURY TRIAL DEMANDED** |

## DEFENDANTS' SURREPLY TO
## PLAINTIFF'S REPLY CLAIM CONSTRUCTION BRIEF

Samsung files this sur-reply to address two issues that were raised by Tessera for the first time in their reply brief.

## I. THE SPECIFICATION SHOWS TESSERA'S PROPOSED CONSTRUCTION OF "FILL UP" IS INCORRECT (ALL ASSERTED CLAIMS OF THE '616 PATENT)

In its opening brief, Tessera relied on a drawing that it described as an "adapted" figure from the Asserted Patents which confirms the extent of filling required to "fill up" the claimed openings. D.I. 102 at 19-20. After Defendants' Responsive Claim Construction Brief noted Tessera's "adaptations" materially altered the patent figure as to the very issue in dispute, Tessera's reply disavowed its prior reliance on patent figures, arguing that generally speaking patent figures are not drawn to scale. D.I. 108 at 8-9 (citing *Hockerson–Halberstadt, Inc. v. Avia Group Int'l,* 222 F.3d 951 (Fed. Cir. 2000)). Tessera's abrupt change in position is belied by its misapplication of the law.

While Samsung agrees that patent drawings "do not define the precise proportions of the elements and may not be relied on to show particular sizes," they may nonetheless be relied on to provide "relative" positions and relationships of the claimed elements. *See Theta IP LLC v. Samsung Elecs. Co.*, No. 2:16-CV-527-JRG-RSP, 2017 WL 2444715, at \*14 (E.D. Tex. June 6, 2017) (citations omitted) (relying on patent figures illustrating relative heights of wireless signal strengths to construe a claim term as having a signal "stronger" than another signal); *see also CVI/Beta Ventures, Inc. v. Tura LP,* 112 F.3d 1146, 1153 (Fed. Cir. 1997) (holding patent drawings "highly relevant" to understanding claims). Indeed, Tessera itself implicitly conceded as much in initially relying on a made up version of Figure 4A as purported support for its construction. Put simply, as Samsung still argues and Tessera previously conceded, Figure 4A's depiction of the fill line *relative* to other surfaces is informative and should be given weight. Ultimately, as in *Theta IP*, the patent drawings confirm that the specification's usage of "fill up" is consistent with

1

Samsung's plain meaning interpretation of the term.[1]

## II. "THICK CONDUCTIVE FILM" AND "THIN CONDUCTIVE FILM" ARE INDEFINITE (ALL ASSERTED CLAIMS OF THE '616 PATENT)

Despite having been timely informed of Samsung's view that the asserted patents fail to provide sufficient indicia of what constitutes a "thick" film versus a "thin" film, Tessera first addressed this dispute in reply. In so doing, Tessera notes that one embodiment discloses an exemplary "thin" film of 0.7 µm and an exemplary "thick" film of 10 µm. Tessera argues that because Samsung's petition for inter partes review against the '616 Patent similarly identified prior art meeting these two limitations, the IPR somehow confirms these terms are sufficiently definite. D.I. 108 at 6. In arguing so, Tessera misstates the law and the facts.

Samsung's petition for IPR appropriately presented the Patent Office with prior art disclosing the "thin" and "thick" film limitations with at least as much detail as the asserted patents.[2] As Samsung has argued here, a skilled artisan would not find such disclosure sufficient

---

[1] Agreeing with this Court's interpretation of *Hockerson–Halberstadt*, other courts also found patent figures to be meaningful guidance in similar circumstances. For example, in *Mueller Sports Med., Inc. v. Sportstar Athletics, Inc.*, 385 F. Supp. 2d 775 (W.D. Wis. 2005), the court relied on a patent figure to determine whether a claim directed to a skin patch designed to reduce glare during athletic games requires the patch to be placed under the user's eye. The patent figure depicted "a small kidney bean-shaped device located right under each eye of the wearer." *Mueller Sports Med.,* 385 F. Supp. 2d at 777. Relying on this figure, the court determined that, "a patch extending beyond the eye would not be an under-eye device" that satisfies the asserted claim. *Id.*; *see also Tinnus Enterprises, LLC v. Telebrands Corp.*, No. 6:16-CV-0033 RWS-JDL, 2016 WL 7587339, at *9 (E.D. Tex. July 12, 2016), *report and recommendation adopted,* No. 6:16-CV-33-RWS-JDL, 2016 WL 9045962 (E.D. Tex. Sept. 29, 2016), *aff'd* 708 F. App'x 1019 (Fed. Cir. 2018) (explaining that *Hockerson-Halberstadt* "merely upholds the principle that patent figures should not be relied on to define precise proportions or particular sizes if the specification is silent" but is not applicable where "the exact size or proportion of the containers is not in question"); *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 711 F.3d 1348, 1360 (Fed. Cir. 2013) ("We interpret the claim's words 'in light of the intrinsic evidence of record, including the written description, the drawings, and the prosecution history.'"); *Funai Elec. Co. v. Daewoo Elecs. Corp.*, 616 F.3d 1357, 1371 (Fed. Cir. 2010) (rejecting construction inconsistent with patent figures).

[2] Similar to *Interval Licensing*, Samsung petitioned for IPR using prior art disclosing structures that match the embodiments described in the '616 Patent. Samsung asserted a combination of two

to discern a "thin" film from a "thick" film and vice versa, thus rendering the asserted claims invalid for indefiniteness. D.I. 106 at 15-19. Insofar as the Patent Office takes a contrary view, because the prior art contains at least as much disclosure as the asserted patents, the asserted claims would still be invalid, albeit as anticipated by or obvious in view of the prior art. Stated another way, Samsung's indefiniteness and prior art arguments are complementary, not mutually exclusive. *Interval Licensing LLC v. AOL, Inc.*, 766 F.3d 1364 (Fed. Cir. 2014).

As noted in Samsung's opening brief, this Court has found similar limitations using relative terms to be indefinite. In *Semcon IP Inc. v. Huawei Device USA Inc.*, this Court found the term "relatively short messages" to be indefinite because the patent did not provide an objective standard for differentiating between short and long messages. No. 2:16-cv-00437-JRG-RSP, 2017 WL 2972193, at *25 (E.D. Tex. July 12, 2017). This Court noted that a passage in the specification describing "relatively short" by a wait time that is not "inordinately long" merely shifted the uncertainty rather than resolving it as there was no guidance regarding what was "inordinately long." *Id.* Similarly, in *Arctic Cat Inc. v. Bombardier Recreational Products Inc.*, the District of Minnesota found the claim terms "normal operating conditions" and "low temperature operating conditions" to be indefinite because they lacked discernable objective boundaries. No. 12–2692

---

references, U.S. Patent No. 5,918,144 ("Yanagida"), which discloses a conductive layer thickness of 0.1 µm, and International Patent Application Publication No. WO 00/44043 to Maitani ("Maitani"), which discloses a conductive layer thickness that includes 10 µm. The Asserted Patents describe a conductive layer with thickness of 0.7 µm (0.2 µm TiW layer + 0.5 µm Cu layer) as a "thin metal layer." '616 Patent, 8:8-14. Thus, conductive layers that are thinner than 0.7 µm (such as in Yanagida), would of course also qualify as "thin." But that does not resolve the question of how much thicker a conductive layer can be beyond the disclosed 0.7 µm before it no longer meets the "thin conductive layer" limitation. Similarly, the Asserted Patents describe a 10 µm Cu layer as an example of a "thick conductive layer." Yanagida describes a conductive layer of 10 µm thickness, and therefore describes a "thick conductive layer." But that does not resolve the question of how far below 10 µm thickness would still be considered a "thick conductive layer."

(JRT/LIB), 2016 WL 6832623, at *14–*17 (D. Minn. Nov. 18, 2016). As there were "no references to any temperature ranges or numerical values, or any boundaries to distinguish normal from abnormal or low temperature from any other temperature[,] . . . a person skilled in the art would have no basis for defining or measuring what constitutes normal or low temperature operating conditions, as those terms are used in the '107 patent." *Id.* at *15. Similarly, because the '616 Patent's specification does not provide any boundaries that can distinguish between "thin" and "thick" films, the terms lack discernible objective boundaries and are indefinite.

Because the patents here fail to provide sufficient objective boundaries for terms of degree, this case is comparable to *Interval Licensing*, *Semcon IP*, and *Arctic Cat*. The lack of any objective boundaries makes it impossible to determine the scope of these "thin" and "thick" limitations.

## III. CONCLUSION

For the foregoing reasons, Samsung respectfully requests the Court to reject Tessera's new arguments raised for the first time in its reply brief.

DATED:  September 1, 2018

Respectfully submitted,

*/s/ Mark A. Samuels*

Mark A. Samuels
Ryan K. Yagura
Brian Berliner
Nicholas J. Whilt
Xin-Yi Zhou
Tony Beasley
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Tel.: (213) 430-6000 | Fax: (213) 430-6407

John Kappos
Bo Moon
Cameron Westin
Brad Berg
O'MELVENY & MYERS LLP
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
Tel.: (949) 823-6900 | Fax: (949) 823-6994

D. Sean Trainor
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006
Tel.: (202) 383-5300 | Fax: (202) 383-5414

Melody Drummond Hansen
O'MELVENY & MYERS LLP
2765 Sand Hill Road
Menlo Park, CA 94025
Tel,: (650) 473-2600 | Fax: (650) 473-2601

Melissa R. Smith
State Bar No. 24001351
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Tel.: (903) 934-8450 |Fax: (903) 934-9257
melissa@gillamsmithlaw.com

*Counsel for Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Semiconductor, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on September 1, 2018.

*/s/ Melissa R. Smith*
*Melissa R. Smith*
