**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| TESSERA ADVANCED TECHNOLOGIES, INC. | Case No. 2:17-cv-00671-JRG |
| Plaintiff, | **JURY TRIAL REQUESTED** |
| v. | |
| SAMSUNG ELECTRONICS CO. LTD. AND SAMSUNG ELECTRONICS AMERICA, INC., | |
| Defendants. | |

**TESSERA ADVANCED TECHNOLOGIES, INC.'S SUR-SURREPLY
CLAIM CONSTRUCTION BRIEF**

## **TABLE OF CONTENTS**

**Page**

**I.     TESSERA'S CONSTRUCTIONS SHOULD BE ADOPTED ........................................1**

    **A.     "fill up" ............................................................................................................1**
    **B.     "first, thin conductive film" and "second, thick conductive film" ....................2**

# TABLE OF AUTHORITIES

*BlackBerry Corp. v. Mobile Media Ideas, LLC*,
 Case IPR2013-00036, slip op. 20 (PTAB Mar. 7, 2014) (Paper 65) ..........................................4

*CVI/Beta Ventures, Inc. v. Tura LP*,
 112 F.3d 1146, 1153 (Fed. Cir. 1997)........................................................................................2

*Fortinet, Inc. v. Sophos Inc.*,
 Case IPR2015-00617, Institution Decision (PTAB Aug. 13, 2015) (Paper 9) ...................... 3-4

*Hockerson Halberstadt, Inc. v. Avia Grp. Int'l, Inc.*,
 222 F.3d 951 (Fed. Cir. 2000)................................................................................................ 1-2

*In re Steele*,
 305 F.2d 859, 862–63 (CCPA 1962) .........................................................................................4

*In re Wright*,
 569 F.2d 1124 (CCPA 1977) .....................................................................................................2

*MBO Labs., Inc. v. Becton, Dickinson & Co.*,
 474 F.3d 1323 (Fed. Cir. 2007)..................................................................................................1

*Nautilus, Inc. v. Biosig Instruments, Inc.*,
 134 S. Ct. 2120 (2014) ...............................................................................................................3

*One-E-Way, Inc. v. Int'l. Trade Comm'n*,
 859 F.3d 1059 (Fed. Cir. 2017)..................................................................................................3

*Sonix Tech. v. Publications, Int'l.*,
 844 F.3d 1370 (Fed. Cir. 2017)..................................................................................................4

*Theta IP LLC v. Samsung Elecs. Co.*,
 No. 2:16-CV-527-JRG-RSP, 2017 WL 2444715 (E.D. Tex. June 6, 2017)...............................2

## **TABLE OF EXHIBITS**

| Exhibit Number | Description |
|---|---|
| 1-20 | These numbers refer to the attachments to Tessera's Opening Claim Construction Brief |
| 21-25 | These numbers refer to the attachments to Tessera's Reply Claim Construction Brief |

I.      **TESSERA'S CONSTRUCTIONS SHOULD BE ADOPTED**

     A.      **"fill up"**

In its Surreply, Samsung does not dispute that it intends to limit the phrase "fill up" to just one of its plain and ordinary meanings. (*Cf.* TATI Reply Br. at 7-8.) Nor does it point to any disclaimer or dispute that its implicit construction reads out preferred embodiments of the patent expressly described in the specification. (*Cf. id.*) Instead Samsung erroneously relies on not-to-scale patent figures that it claims support its construction. This is insufficient as a matter of law. *MBO Labs., Inc. v. Becton, Dickinson & Co.*, 474 F.3d 1323, 1333 (Fed. Cir. 2007) ("[P]atent coverage is not necessarily limited to inventions that look like the ones in the figures . . . .").

Samsung argues that the Court should rely on not-to-scale patent figures to find that its construction does not read out a preferred embodiment because Tessera relied on a modified figure that is based on explicit dimensions in the specification. (Samsung Surreply at 1; Ex. 21 (providing unrebutted testimony that the figures are not to scale).) This argument is a non-sequitur. Samsung's reliance on not-to-scale figures is legal error and Tessera's recreation of a figure based on dimensions set forth in the specification is entirely proper.[1] *See Hockerson Halberstadt, Inc. v. Avia Grp. Int'l, Inc.*, 222 F.3d 951, 956 (Fed. Cir. 2000) ("[I]t is well established that patent drawings do not define the precise proportions of the elements and may not be relied on to show particular sizes if the specification is completely silent on the issue." (internal citations omitted)).

Samsung attempts to distance itself from *Hockerson Halberstadt* by identifying two cases where patent figures were purportedly relevant to claim construction. (Samsung Surreply at 1.)

---

[1] Samsung accuses Tessera of an "abrupt change in position." (Samsung Sur Reply at 1.) Not so. Tessera provided to-scale figures to illustrate the dimensions expressly taught by the specification. There is nothing inconsistent with Tessera relying on ***to-scale*** figures and rejecting Samsung's ***not-to-scale*** figures.

1

But neither of these cases relied on not-to-scale patent figures to override express dimensions in the specification, as Samsung attempts to do here. In fact, neither case was even concerned with the dimensions of the figures. Instead, *Theta IP LLC v. Samsung Elecs. Co.*, merely held that two figures accompanied by a ***consistent*** disclosure in the specification illustrated that one signal was relatively stronger than another. No. 2:16-CV-527-JRG-RSP, 2017 WL 2444715, at *14 (E.D. Tex. June 6, 2017) (citations omitted). Even farther afield is *CVI/Beta Ventures, Inc. v. Tura LP*, where the Federal Circuit relied on figures containing ***graphs*** of stress and strain to provide guidance as to the meaning of "elasticity." 112 F.3d 1146, 1153 (Fed. Cir. 1997). Neither of these cases suggests that it is appropriate to limit the claims or rewrite embodiments by measuring a not-to-scale patent figure. (*Cf.* Samsung Resp. Br. at 24.) It is not. *Hockerson Halberstadt*, 222 F.3d at 956 (citing *See In re Wright*, 569 F.2d 1124, 1127 (CCPA 1977) ("Absent any written description in the specification of quantitative values, ***arguments based on measurement of a drawing are of little value***.")).

Samsung also argues that *Hockerson Halberstadt* is irrelevant where the dimensions of a figure are not at issue. (*Id.* at n.1.) But the dimensions of the depicted embodiment are at issue here—the embodiment of the figures described in the specification has express dimensions which do not "fill completely" the openings, as Samsung contends the claims require. (*Compare* Samsung Resp. Br. at 25 *with* Ex. 21 ¶ 9.) The Court should reject Samsung's attempt to argue an implicit claim construction to the jury that reads out all preferred embodiments.

### B. "first, thin conductive film" and "second, thick conductive film"

Samsung's Surreply does not address Tessera's position. In particular, Tessera explained that the terms "thin" and "thick" are used to indicate that the "first, thin conductive film" is thinner than the "second thick conductive film." (TATI Reply Br. at 4; Ex. 21 ¶ 2.) Samsung does not dispute that this is the plain and ordinary meaning of the term to a person of skill in the art. (*See*

Samsung Surreply at 2-4.) Nor does Samsung suggest that a person of skill in the art would have any difficulty identifying which of two films is thicker. (*Id.*)

Instead, Samsung cites to a handful of cases finding certain terms of degree indefinite, but it is well-settled that terms of degree are regularly held to be definite. *See, e.g.*, *One-E-Way, Inc. v. Int'l. Trade Comm'n*, 859 F.3d 1059, 1063 (Fed. Cir. 2017) ("As long as claim terms satisfy [the *Nautilus*] test, relative terms and words of degree do not render patent claims invalid."). And the standard for definiteness (regardless of whether a term is one of degree) is whether "the patent's claims, viewed in light of the specification and prosecution history, inform those skilled in the art about the scope of the invention with **reasonable certainty**." *Nautilus, Inc. v. Biosig Instruments, Inc.*, 134 S. Ct. 2120 (2014). And Samsung makes no effort to argue that the plain meaning proposed by Tessera cannot be ascertained with "reasonable certainty." Nor could it. It is beyond dispute that a person of skill in the art can readily identify if a first conductive film (e.g., a seed film) is thinner than a second conductive film (e.g., an electroplated wire). (Ex. 21 ¶ 2; Ex. 1 ¶¶ 50-52.)

Samsung also attempts to argue that its position before the Patent Trial and Appeals Board ("PTAB") is not inconsistent with its position here because it could have argued (but did not[2]) that its proposed combination of references used dimensions similar to an exemplary embodiment of the '616 patent. (Samsung Surreply at n.2.) Samsung appears to contend that it can prevail before the PTAB on its prior art arguments even if the claim is indefinite. This is not current PTAB law. Under PTAB precedent, if a term is indefinite, a petitioner cannot prevail. *See, e.g.*, *Fortinet, Inc. v. Sophos Inc.*, Case IPR2015-00617, Institution Decision (PTAB Aug. 13, 2015) (Paper 9)

---

[2] In its IPR petition, Samsung did not argue that the term was indefinite or base its obviousness positions for the elements at issue on any comparison to the embodiments of the '616 patent. (*E.g.* Ex. 7 at 45-49.) It simply applied the plain meaning of claims. (*Id.*)

("Independent claim 9, however, recites [a] limitation, . . . which we determined is not amenable to construction, as discussed above. *Accordingly, we do not attempt to apply claim 9 to the asserted prior art*." (citing *In re Steele*, 305 F.2d 859, 862–63 (CCPA 1962) (in the ex parte appeal context, holding that where a claim's meaning is indefinite under 35 U.S.C. § 112, ¶ 2, a rejection based on prior art is improperly based on speculation); *BlackBerry Corp. v. Mobile Media Ideas, LLC*, Case IPR2013-00036, slip op. 20 (PTAB Mar. 7, 2014) (Paper 65))). Samsung's position before the PTAB was not taken in the alternative, or by comparing the prior art to an embodiment. (*E.g.* Ex. 7 at 45-49.) Instead Samsung and its expert applied the plain and ordinary meaning (just as Tessera proposes). (*Id.*) In any event, inconsistent or not, the fact that Samsung and its expert had no difficulty repeatedly applying these terms is powerful evidence that the terms are sufficiently definite. *Sonix Tech. v. Publications, Int'l.*, 844 F.3d 1370, 1380 (Fed. Cir. 2017) ("The parties' experts also had no difficulty in applying 'visually negligible.' Dr. Ashok and Dr. Engels repeatedly applied the term to the references and the accused products. . . . [C]ontinued application by the experts in this case further supports the conclusion that a skilled artisan did understand the term with reasonable certainty.").

      The Court should reject Samsung's indefiniteness argument.

Dated: September 5, 2018                                                 Respectfully submitted,

                                                                  */s/ Clement J. Naples by permission Andrea Fair*
                                                                  Clement J. Naples
                                                                  New York Bar No. 4217717
                                                                  LATHAM & WATKINS LLP
                                                                  885 Third Avenue
                                                                  New York, NY 10022-4834
                                                                  Tel.: (212) 906-1200
                                                                  Fax: (212) 751-4864
                                                                  Clement.Naples@lw.com

                                                                  Matthew J. Moore

DC Bar No. 453773
Lawrence J. Gotts
DC Bar No. 417219
LATHAM & WATKINS LLP
555 Eleventh Street, NW Suite 1000
Washington, DC 20004-1304
Tel.: (202) 637-2200
Fax: (202) 637-2201
Matthew.Moore@lw.com
Lawrence.Gotts@lw.com

Joseph H. Lee
California Bar No. 248046
LATHAM & WATKINS LLP
650 Town Center Drive, 20th Floor
Costa Mesa, CA  92626-1925
Tel: 714-540-1235
Fax: 714-755-8290
Joseph.Lee@lw.com

Amit Makker
California Bar No. 280747
Brian W. Lewis
California Bar No. 290727
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Tel: 415-391-0600
Fax: 415-395-8095
Amit.Makker@lw.com
Brian.W.Lewis@lw.com

T. John Ward
Texas State Bar No. 20848000
Claire Abernathy Henry
Texas State Bar No. 24053063
Andrea Fair
Texas State Bar No. 24078488
WARD, SMITH & HILL, PLLC
PO Box 1231
Longview, Texas 75606-1231
(903) 757-6400 (telephone)
(903) 757-2323 (facsimile)
tjw@wsfirm.com
claire@wsfirm.com
andrea@wsfirm.com

5

*Attorneys for Plaintiff Tessera Advanced Technologies, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this notice was served on all counsel of record who have consented to electronic service as this district requires in accordance with Local Rule CV-5(a)(3)(A) on this 5th day of September, 2018.

*/s/ Andrea Fair*